UTICA,
August, 1823.

POWER
v.
KENT.

POWER *against* KENT and WHALLEY.

Where the defendant had judgment upon demurrer to some of the counts, and had taken issue upon the others, upon which he was entitled to judgment, as in case of non-suit, the judgment upon demurrer having disposed of the whole cause of action, and the other counts being inserted for mere form, the defendants' attorney having given notice to the attorney for the plaintiff not to make any arrangment with the defendant, which should affect the attorney's claim for costs; *held*, that an agreement between the defendant and the plaintiff's attorney, to put the cause off, with a view to settle a claim between the parties, and thereby stay the farther progress of the suit, did not prevent the defendant's attorney from proceeding to move for judgment, as in case of non-suit.

After actual notice, the parties have no right to settle the attorney's costs, nor do any act to obstruct his proceeding in the cause to collect them.

ASSUMPSIT : 1. On judgments in the Court of Common Pleas in *Crawford* county, *Pennsylvania* ; 2. The money counts. A demurrer to the counts upon the judgments had been determined in favour of the defendants, in *January* term, 1821. The venue was laid in *Madison*, and issue of *non assumpsit*runt joined on the money counts, in *October* term, 1820. These were shown to be mere form, however, and the whole cause of action had been disposed of by the demurrer. The *Madison* Circuit, for 1821, passing, without the cause being noticed for trial, the plaintiff's attorney stipulated to try at the next Circuit, which having passed without the cause being noticed,

*D. Woods*, now moved for judgment, as in case of non-suit.

*Stower*, contra, read an affidavit shewing, that on the 25*th June*, 1823, the plaintiff's attorney and the defendants had agreed, in writing, that the cause should not be tried at the then next Circuit. This had been done with a view to a compromise of the suit.

*Woods*, shewed, by affidavit, that, on the 23*d* of *June*, previous to this agreement, a written notice had been served by the attorney for the defendants on the attorney for the plaintiff; that the costs, in case judgment finally passed for the defendants, belonged exclusively to him, the attorney for the defendants, and directing that no arrangement should take place or be made relative to this suit, without his approbation or consent.

*Stower.* Although judgment was for the defendant. yet it was upon a mere formal defect in the proceedings, and the Common Pleas judgments remain legally and equitably due from the defendants. The attorney's lien, if it exists, in such a case as this, cannot interfere with the equitable arrangements of the parties, and their right to a mutual set off. (*Porter* v. *Lane*, 8 *John. Rep.* 357. *Martin* v. *Hawks*, 15 *id.* 407. *Spence* v. *White*, 1 *John. Cas.* 102. *Hall* v. *Ody*, 2 *Bos. & Pull.* 28, *the opinion of Ld. Ch. J. Eldon. Emden* v. *Darby*, 4 *id.* 22.) This Court proceeds upon the rule of the English Common Pleas, as settled by the cases last cited. *Porter* v. *Lane* adopts the cases cited from *Bos. & Pull.* The cases in the *K. B.* of *Randall* v. *Fuller*, (6 *T. R.* 456,) *Howell et al.* v. *Harding*, (8 *East*, 362,) and the cases in this Court of *Cole* v. *Grant*, (2 *Caines*, 105) and *Devoy* v. *Boyer*, (3 *John.* 247,) are overruled by *Porter* v. *Lane.*

Again : the cases in which the attorney has a *lien* for costs, are those only where they are liquidated by a recovery. No case can be found going farther than this. Where the costs are thus liquidated, if they are paid to the party, in violation of a notice not to pay, the attorney may enforce his lien notwithstanding. (*Mitchell* v. *Oldfield*, 4 *T. R.* 123. *Pindar* v. *Morris*, 3 *Caines*, 166. 1 *Tidd.* 287-8. *Griffin* v. *Eyles*, *H. Bl.* 122. *Turwin* v. *Gibson*, 3 *Atk.* 719.) The attorney has no lien, except on the final balance. (*Howell et al.* v. *Harding*, 8 *East*, 362.) But this cause is not finally determined. The defendants admit the claim of the plaintiff, and propose a settlement. Shall the attorney be allowed to interpose his claim of costs, to prevent a settlement, or any steps leading to it ? He undertakes upon the credit of his client. He must look to him, and may decline proceeding, if he is not paid his costs, at any stage of the proceeding. (1 *Dunlap*, 79, *and note.* 8 *John.* 357. *Castro & Wife* v. *Bennet*, 2 *John.* 296.)

In *Martin* v. *Hawks*, (15 *John. Rep.* 406-7) the claim of the attorney was allowed, but *Spencer*, Ch. J. says, " The question now before the Court is not whether the lien of the attorney, for his costs, is superiour to the equity of a

defendant, who has a matter of set off existing against the plaintiff. *A different rule has been adopted, by this Court, in such a case.*

*J. C. Spencer,* in reply. The lien of the attorney takes preference to the equitable arrangements of the parties, where *actual notice* is given, as in this case. It is only in the absence of such notice, that they have been allowed to prevail. This distinction is fully established by the case of *Martin* v. *Hawks,* (15 *John. Rep.* 405.) None of the cases make a distinction between a judgment perfected, or one which a party has a right to perfect. The claim is as certain, to every legal intent, in the latter case as in the former; and it is the same in good sense. Here is a judgment upon demurrer, the costs of which have been earned by the attorney. The proceeding to move for judgment, as in case of non-suit, is the only mode of enforcing the lien. The right of the attorney arose upon the default to notice the cause for trial. He then acquired a right to perfect his judgment upon the demurrer, and to move for and obtain a judgment as in case of non-suit. He gives notice, in violation of which the attorney for the plaintiff tampers with the defendants, and claims thereby to defeat the opposite attorney's lien.

*Curia.* The whole cause of action is disposed of by the demurrer; and the question is reduced to one of *costs alone.* The attorney for the defendants has a right to be protected against any settlement of those costs between his clients and the plaintiff. This is always the case when he is entitled to costs against the opposite party, and gives, as in this instance, actual notice of his claim, at the same time forbidding an interference with it by the parties. He has a lien on the costs, and stands in the light of an assignee. (*Martin* v. *Hawks,* 15 *John.* 405.) As no settlement can be made, or release given, after notice; so no act to delay or obstruct the attorney in his remedy for those costs will be holden valid. This is not inconsistent with the case of *Porter* v. *Lane,* relied upon in the argument. Here is not a question as to set-

ting off these costs against other costs or damages, which have arisen in the cause, or in other causes between these parties. A different rule prevails in such a case. (15 *John.* 407.)

Motion granted.