1834.

Talcott
v.
Bronson.

## TALCOTT *vs.* BRONSON & BRONSON.

Where an order had been obtained for the payment by the defendants of the costs of exceptions to their answer, to the complainant's solicitor, who subsequently gave notice to them that he claimed a lien for his costs in the suit, and that they must not settle with the complainant for the same; and they afterwards settled with the complainant and secured to him the amount claimed, each party agreeing to bear one half of the costs of both parties to the suit; *Held,* that the solicitor of the complainant had a lien upon the taxed costs on the exceptions; but that he had no lien, as against the defendants, for the general costs of the suit, which had never been decreed against them.

Where the parties to a suit make a collusive settlement thereof, before a decree, for the purpose of defrauding the solicitor of his costs, his remedy is to proceed with the suit, in the name of his client, notwithstanding the collusive settlement.

THIS was an application on the part of the solicitor for the <sup></sup>August 5. complainant, to compel the defendants to pay him the amount of several bills of costs in this suit. Exceptions were taken to the separate answers of the defendants, and allowed by the master. And, in March, 1819, upon the petition of the complainant, the chancellor made an order that the defendants put in further answers to the bill in three weeks; and that they should also pay the costs of that application and the costs upon the exceptions. Further answers were afterwards put in, but the costs were not paid. In October, 1819, the complainant's solicitor caused written notices to be served on the defendants, respectively, that he claimed a lien for his costs, and that they must not pay to or settle with the complainant for the same. The parties subsequently entered into a written agreement to settle the suit, the defendants securing to the complainant the 'amount in controversy, and each party agreed to pay one half of the taxable costs of both parties in the suit. In February, 1820, the costs of the exceptions to the answer of D. Bronson were taxed at $39,15, and the costs of the exceptions to the answer of the other defendant at $52,36; and the costs of the application for a further answer at $15,25. In March, 1820, the complainant's solicitor made

1834.

Talcott
v.
Bronson.

out his general costs in the suit, which were taxed at $109,13, exclusive of the costs on the exceptions, and of the application for a further answer ; and he thereupon caused copies of the several bills of costs to be served on the defendants, and payment thereof to be demanded, but the costs were not paid.

*I. Hamilton,* for the complainant.

*A. Hackley,* for the defendants.

THE CHANCELLOR. The defendants in this case have no right to complain of the delay of the complainant's solicitor ; as he served them with a copy of the costs and of the order for their payment, and demanded the payment thereof, very soon after the discontinuance of the suit. If they have neglected to pay these costs and to look to the complainant for an equitable contribution, under the agreement entered into upon the settlement, until he has become insolvent, it is their own fault. The solicitor of the complainant had obtained a final order of the court previous to the settlement, entitling him to the costs of the.exceptions and the costs of the application for a further answer ; and the defendants had notice that he should look to them for such costs by virtue of his general lien. And there is no pretence that the defendants had any counter claim, or other equity, which could interfere with the solicitor's lien for such costs. The settlement, therefore, could not deprive the solicitor of his remedy against the defendants for the recovery of those costs.

The general costs of the cause, however, depend upon a different principle. At the time of the settlement, the suit was undetermined, and it was not certain that the complainant would obtain a decree against the defendants ; and even if he succeeded, it did not follow that he would recover costs. Under such circumstance, the solicitor had not such a lien upon the subject matter of the litigation as to prevent the adverse party from compromising the suit with his client without the consent of such solicitor. It is not alleged in the affidavit of the solicitor that the settlement between the parties was collusive merely, and with a view to deprive him of his costs. Indeed I should infer from the affi-

davit of the solicitor that his client was then perfectly responsible, and that he has become insolvent since the settlement. But even if there was collusion, that would not entitle him to an order for the defendants to pay to him costs which had not been decreed to be paid by them; and which perhaps might not have been charged upon them if the complainant had gone on with his suit. The proper course for the solicitor, where there is a collusive settlement between the parties for the purpose of defrauding him of his costs before any decree or judgment for costs has been obtained, is to proceed with the suit, in the name of his client, notwithstanding the collusive settlement. (*Swain* v. *Senate,* 5 *Bos. & Pul. Rep.* 99.)

The solicitor for the complainant must be permitted to take out a precept against the defendants, to commit them to prison until the costs of the exceptions and of the application for a further answer, together with the costs of this application, are paid. Each defendant, however, is lible for the costs of the exception to his own answer only; and the precept must be framed accordingly. As to the general costs of the cause, the solicitor must look to his own client for the payment thereof.