### Brown *vs.* Comstock.

The attorney for a defendant·in error, has no such lien on the costs in the suit upon a writ of error, as to prevent his client from settling such suit before judgment, though his client be insolvent.

If a settlement of the judgments in the courts below be improperly made, as respects the attorney. those courts are to give relief.

Motion to strike cause from the calendar. Brown sued Comstock in the marine court of the city of New-York, and obtained a judgment against him for $55,50 damages, and $7,13 costs, in December, 1846. The cause was removed to the superior court, by certiorari, and the judgment was reversed, and $64,16 costs were allowed to Comstock. Comstock, shortly afterwards, sued Brown, on that judgment, in the New-York common pleas, and recovered a judgment for $67,16 damages, and $24,71 costs. In August, 1847, Brown removed the cause from the superior court to this court, by writ of error. The cause was afterwards noticed for argument in this court. On the 15th of March, 1850, Brown and Comstock, without the intervention of Comstock's attorney, made an arrangement of those suits, and Comstock executed and delivered to Brown satisfaction pieces of the judgments in the superior court and common pleas, and signed a consent in this cause, as follows:

"I hereby consent that the above cause be discontinued; I agreeing to pay the costs of the plaintiff in error. New-York, March 15, 1850.　　　　　　　　A. L. Comstock."

Pursuant to this consent, a rule was entered by Mr. Brown's attorney, in May, 1850, discontinuing this suit, but no notice of it was served on Comstock's attorney, until the 27th of September, 1850, after Comstock's attorney had noticed the cause for argument at this term. But in the mean time, and in July, 1850, Comstock's attorney received notice from his own client, that the settlement had been made; though it was not then

mentioned that satisfaction pieces had been executed. The plaintiff in error moved to strike the cause off the calendar.

*By the Court* MITCHELL, J.  In opposition to, this motion, Comstock admits that he executed the satisfaction pieces and the consent; but says that he did not know of the clause in the consent as to his paying the costs of this suit.  If that clause was inserted by mistake, it may be ground for application to the court to correct that part of it.  But still it is admitted that the agreement was, that this suit should be discontinued, and the two judgments in favor of Comstock should be satisfied of record. There is no reason, therefore, so far as Comstock is concerned, why his stipulation to discontinue this suit should not be carried out.

His attorney insists, however, that he has a lien for the costs in these suits; that the two judgments are entirely for costs and disbursements, and properly belong to him alone, and that Brown must have known this, and so had no right to settle the suits without the consent of Brown's attorney, as Comstock is insolvent.  So far as the two judgments are concerned, there is some plausibility in this argument; but if any wrong is done to the attorney as to those two cases, the place for relief is in the courts in which those judgments are entered.  As to the costs on the writ of error in this court, the attorney has no lien for them until judgment.  Before that, it is uncertain who will be entitled to them; in whose favor the court may decide—and whether it will give costs or not—and until then it is in the power of the legislature so to alter the law as not to allow costs over to the successful party in such a case.  Neither can it be that a defendant in error is bound to continue to defend even a writ of error, against his will, to help his attorney to get the costs then accrued, or what might thereafter accrue.  If parties choose to terminate a litigation, they should always be allowed to do it as they please, when it does not interfere with *vested* rights of their attorney

The motion to strike the cause from the calendar should be allowed, but without costs.