Hoffman, J.
The subject of the present appeal is one of importance, and as considerable difference of views appears to exist, especially in late decisions, we have examined the points with some care.
As long ago as the year 1805, it was settled in our State, that if a defendant has bona fide paid the debt and costs to the plaintiff, and got a full discharge, without notice from the attorney of his claim, and without collusion to defraud him, it is valid, and a judgment taken by the attorney would be set aside on motion. If the adverse party applied to cancel the judgment by a set-off, then the Court would take care that the attorney’s bill be paid. (Pinder v. Morris, 3 Caines’ T. R., 165.)
In The People v. Hardenbergh, (8 Johns. R., 335,) a settlement of costs awarded to defendant in ejectment, made without notice from the attorney, and without collusion, was held valid, and an attachment set aside.
Martin v. Hawks, (15 Johns. R, 405,) was the case of a judgment for plaintiff for six cents damages and costs; notice to the defendant by the attorney to pay over the judgment to him, and a ca. sa. directing the Sheriff to pay the amount made to him. It was held that the attorney had a lien on the judgment for his costs, and stood with the same equity as if the judgment had been assigned to him, and he could not be defrauded of such *673 ■lien and equity when all the parties were informed of it, and forbidden to do any act to prejudice it. The Sheriff, therefore, could not avail himself of a release by the original plaintiffs in an action for an escape.
Power v. Kent, (1 Cow. R., 172,) is to the same effect, there being judgment on a demurrer, disposing of the whole cause of action, with written notice from the attorney of his claim to the costs, and forbidding any arrangement without him, before the settlement made by the parties.
In Ten Broeck v. De Witt, (10 Wend., 617,) the defendant paid damages and costs to the plaintiff, after being apprised by a counsellor of the court that the plaintiff was not authorized to receive the costs. The court refused to set aside an execution; holding that the information given to the defendant was equivalent to a notice from the attorney not to-pay the costs to the plaintiff.
The following subsequent cases, before and since the Code, have been examined: Talcott v. Bronson, (4 Paige, 501,) Sweet v. Bartlett, (4 Sandf. S. C. R., 661,) Brown v. Comstock, (10 Barb., 67,) Haight v. Holcomb, (16 How. Pr. R., 173,) Ward, v. Syme, 9 id., 16,) Sherwood v. The Buffalo City Railroad Company, (12 id., 136,) Rooney v. The Second Avenue Railroad Company. (18 N. Y. R., 368.) They sustain the proposition thus stated in Shank v. Shoemaker, (18 N. Y. R., 489:) “ The claim of the attorney for the appellant for his costs had not been perfected by a judgment. There is no case which goes far enough to show that a party who has not obtained a judgment in his favor cannot settle a suit because it may prejudice the possibility, or even probability, that his attorney might obtain his costs by a future trial, and a judgment in favor of his client.”
It seems undeniable, that, in our State, the points laid down in the early case from Caines’ Reports (ut supra) are the rules in force to this day, with the addition that a settlement of the debt, without receipt of the costs, stands precisely upon the same footing as the payment of both debt and costs in that case to the client
And the English cases correspond with, and support, these rules.
The lien of an attorney upon a judgment is established. No set-off of cross-judgments can be had after one has been obtained in the suit in which he acts. No settlement will then avail against *674 his rights. (Dowett v. Hollyer, 2 Dowl. Pr. Cas., 540; Caddell v. Smart, 4 id., 760.)
But, even then, the attorney is far from being constituted Dominos Litis. He cannot carry a judgment into effect against the order of his client. (Barker v. St. Quentin, 12 Mees. & Wels., 441.) If the client chooses to discharge the debt, or from imprisonment on execution, the attorney cannot prevent it. (Marr v. Smith, 4 Barn. & Ald., 466.)
So, if the attorney gives notice to the opposite party that he looks to the proceeds of the action for payment of his costs-, and directing payment to himself, or forbidding it to be-made to any other, a settlement without payment ‘will not be effectual. Lord Mansfield, in Welsh v. Hole, (1 Doug., 238,) said, that it was like paying a debt to A, after notice that it had been assigned to B. The ease of Read v. Dupper, (6 T. R., 361,) is explicit to the same point, and it is recognized by Coltmaw, J., in Francis v. Webb. (7 C. B. R., 731.)
And so, if the plaintiff, before judgment, chooses to release or compromise the action, without the intervention of his attorney, and without regard to his costs, he may do so; and, provided there be no collusion, fraud, or mala fides in the opposite party, the prospective lien of the attorney is lost, (Chapman v. Haw, 1 Taunt., 341; Rooke v. Wasp, 5 Bing., 190; Nelson v. Wilson, 6 id., 568; Clark v. Smith, 6 Mann. & Gran., 1051; Francis v. Webb. 7 C. B. R., 731.)
It is clear, I think, that, in the most favorable view for the attorney in this case, and assuming that he can, in opposition to this motion, justify his proceeding on the ground of collusion, this remains the only question open for consideration. Has he made out a case of that nature ?
Some authorities may be referred to. In Cole v. Bennet, (6 Price, 15,) after service of process in the action, the defendant purchased some articles of the plaintiff, for which he paid and took a receipt, in which was introduced a memorandum that no further proceedings were to be had in the action which had been commenced, each party to pay his own costs. The defendant then swore that, after he had got notice of service of notice of the declaration having been put upon the door of Ms former dwelling, he called on the solicitor and showed him the memorandum, *675 who observed that the defendant should have settled with him. The attorney swore that the defendant had requested time, after being served with process; that-some little time before interlocutory judgment was signed, the defendant acknowledged receipt of the notice of declaration; said he had paid the plaintiff the debt, without mentioning the other matter of dealing between them, or showing him the memorandum; and the deponent then informed the defendant that unless his costs were paid he should proceed in the action. On the writ of inquiry, he had taken nominal damages only. He believed there was collusion, and was informed that the plaintiff had gone to America.'
The Court put the decision on the ground of there being collusion, and say, all the cases proceed on the ground that the parties are not to be permitted, by any such collusion, to cheat the attorney. The motion to set aside the proceedings was denied.
In Francis v. Webb, (7 C. B. R., 731,) the Court said: “ In cases of this sort, the Court requires a clear case of collusion to be made out before they will, at the instance of the plaintiff’s attorney, interfere to prevent effect being given to an adjustment of the dispute between the parties themselves. There was nothing in the affidavits to show that the party entertained the design to deprive the plaintiff’s attorney of his costs. The conduct of the plaintiff, (who was a pauper plaintiff,) was very ungenerous towards his attorney; and if we could discover any evidence of collusion on the part of the defendant, I should feel satisfaction in visiting him with costs. It was no part of the defendant’s duty to see that the attorney’s costs were paid.” Coltman, J., said: “If there had been notice not to settle without paying the costs, I should have thought the affidavits would have made a case of collusion. But there was nothing to lead the defendant to suppose that a fraud would be committed by the plaintiff on his attorney.”
In Clark v. Smith, (6 Mann. & Gran., 1051,) a verdict had been given for £78.5s. 6<7. damages and costs. The parties then settled for fifty guineas, and a release was given. Judgment was then entered up by the attorney. A motion was made to set it aside, with costs, to be paid by the attorney. The Chief Justice said: “The Court must clearly see, that the defendant fraudulently colluded with the plaintiff to defeat the attorney’s lien. Suspicious circumstances were not enough.” Maulé, J., said: “Theplain *676 tiff and defendant settled in the absence of their attorneys. The plaintiff’s attorney had, therefore, no right to sign judgment. It lies upon him to show why it should not be set aside. The ground he goes upon is, fraudulent collusion. I think the affidavits, which are, in some respects, contradictory, leave that matter quite uncertain.”
In Nelson v. Wilson, (6 Bing., 568,) Chief Justice Tindal said: “It is undoubtedly competent for the party to settle the cause without the intervention of his attorney; and, if the attorney proceeds, in order to secure his costs, he is bound to make out a clear case of collusion between the plaintiff and defendant to deprive him of them. Upon reading the affidavits, we think that, though there is ground for suspicion, the collusion has not been clearly made out.” A verdict had been taken after notice of the settlement; and all the proceedings were set aside, with costs, to be paid by the attorney.
In a late case in Georgia, (McDonald v. Napier, 14 Ga. R., 89,) the subject has been carefully considered. The following are the propositions established:
1. The attorney has a special lien upon the money of his client which may come into his hands, and upon a judgment procured by him for his client. If the money is in his hands he may retain it in satisfaction of his bill, and if in the hands of the officer of the Court, the Court in the exercise of its equitable power, (I mean a Court of law,) will lay hold of it and prevent its payment over until his lien is satisfied.
2. If the defendant pay to the plaintiff the debt and costs due on a judgment, after notice from the attorney of the plaintiff not to do so, he will pay it in his own wrong and is liable to pay to the attorney his fees notwithstanding.
3. A settlement between the parties, with a view to defraud •the attorney out of his fees, will not discharge the defendant from liability to pay them, or extinguish the judgment as to them, even without notice; yet, if the parties without notice bona fide settle or compromise the debt and costs, the attorney cannot afterwards proceed against the defendant for his costs.
4. And in case of a collusive settlement of a cause, the attorney may proceed in the cause for the mere purpose of obtaining his costs. These propositions, I am clear, may be considered as *677 settled .law in England, and have been recognized as law'very generally in our States. They are settled in the Courts of Law: and Chancery.
5. The lien on the money of a client is limited to the bill of costs accruing to the attorney or solicitor in the case in which it is raised, and the lien on a judgment is in like manner restricted. An execution issued upon a valid judgment in the hands of the attorney is a paper belonging to the client, upon which a hen for a general balance will attach as well as upon any other paper. At the same time it is to be noted that the security which the execution gives for fees, is not the mere right of detention until they are paid, but a process available for their collection out of the defendant. I do not see why it should not be detained as against the plaintiff for a general balance, whilst it is clear that in case of a settlement by the defendant with notice, or without it collusively, the judgment cannot be enforced against him for more than the fees due in'the particular case. It is important too that in reference to the lien of the attorney on the judgment, his power over it should be well understood. Because he has the lien stated, it is not to be understood that it supersedes all control which the plaintiff has over it, and that the attorney as dominus litis caw “ marshal the proceedings on the judgment as he may think fit.” The lien amounts to this that he has a right to control it for the collection of fees through an order of the Court directing its use for that purpose in the exercise of an equitable power which appertains to it over its own process, and over the lien of its officers.
Tested by the rules thus declared, it is impossible to say that upon these affidavits the defendants did, in making the settlement, act with the design of aiding the plaintiff in depriving the attorney of his costs. If the facts here made out a case of collusion, it would be difficult to imagine a case in which a settlement without the privity of the attorney could be made.
It is, however, "necessary to notice some cases which seem to conflict with the long line of authorities I have cited.
The case; Keenan v. Dorflinger, December 16th, 1859, in the Supreme Court, to which we have been referred, was one of a settlement between the parties after a report of a Referee against the defendant for the sum of $500. Then a release and a consent to *678 discontinue without costs, were given. The Court denied the motion to discontinue absolutely, but allowed it on payment of costs.
A report of a Eeferee on all the issues upon which a judgment may immediately be entered, may be deemed upon this question equivalent to a judgment. (See Sweet v. Bartlett, 4 Sandf. S. C. R., 661.)
In Owen v. Mason, (18 How. Pr. R., 156,) there was a motion by the defendant to set aside an inquest for irregularity. When the cause was moved for trial, an attorney on behalf of the plaintiff, but not the one on the record, stated that the action had been settled by the parties, to which the defendant’s attorney assented, and moved to dismiss the complaint without costs. The attorney of the plaintiff on the record objected, producing a notice of lien served upon the defendant, forbidding a settlement except with him, and moved for judgment for the amount of his costs. The motion of the defendant was denied, and Justice Ingraham intimated that he should move to file a supplemental answer, setting up the settlement, and that the Court would then make it a condition that all the costs up to the settlement be paid. No motion was made by him. When the cause was next reached, the plaintiff’s attorney took an inquest, perfected judgment, and issued execution for $77, the amount of his costs. A motion to vacate the inquest and execution was denied by Justice Mullen. If, as we are probably warranted in supposing, the notice had been served upon the defendant before the trial, the case is entirely consistent with the other authorities.
There is also the case of Wood v. The Trustees of the North West Presbyterian Church, (7 Abb., 210, note,) in which the settlement was made the day before the trial, and a receipt in full given. The plaintiff’s attorney went on knowing of the settlement, and took judgment, the defendant not appearing. He issued execution for his costs as adjusted. It was held by Justice Hilton that the judgment could not be vacated. The defendant could only set up the settlement by supplemental answer, and the Court would only allow this upon payment of costs to the time.
It is stated by a late writer on the English practice, (Lush’s Practice by Stephens, p. 226,) “that it is the proper and safe course (except perhaps in clear cases of fraud and collusion) for the attorney whose lien has been destroyed by the conduct of *679 die parties to the suit to apply to the Court for a rule calling on the opposite party to pay him his costs, and not himself to go on with the proceedings.” He cites Graves v. Eades, (5 Taunt., 429,) and Welsh v. Hole, (ut supra,) with other authorities.
The result of the cases, and in our judgment, the sound rule upon the subject is, that if an attorney has omitted to protect himself by a notice forbidding a settlement without him, and the parties compromise the action before judgment, of which he has notice, he then proceeds in the suit for his costs, at the peril of establishing conclusively that the adverse party had the design when making the settlement of defeating his demand for the costs. If he fail in satisfying the Court of this, his proceedings, subsequent to notice, will be set aside. In the present instance, the plaintiff’s attorney has failed in making out such a case.
The order below must be reversed without costs, and the judgment and execution must be set aside.
The other Judges (except Robertson, J., who dissented) concurred in the views stated, in the concluding part of the opinion of Judge Hoffman.[1]

See The People v. New York Common Pleas (13 Wend., 649, 655).