Wormer *v.* Canovan.

SQUIRE M. WORMER, Appellant, *v.* GEORGE CANOVAN, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, MARCH, 1872.)

An order, vacating an order of discontinuance without costs unless the plaintiff shall pay the defendant's attorney's costs, entered *pendente lite* on the stipulation of the plaintiff, his attorney, and the defendant, who was insolvent, after notice from defendant's attorney forbidding discontinuance without payment of his costs,—*Held,* to be proper relief on motion and affirmed.

Except as between the parties to an action, it is discontinued only upon entry of the order therefor.

Notice of claim for costs before entry. of the order is in time, no value having been paid for stipulating to discontinue.

THIS was an appeal from an order made at a Special Term, vacating a discontinuance of the action. The facts are stated in the opinion.

*J. L. Parker* and *S. E. Day,* for the appellant. 1. The defendant having become insolvent after the commencement of the action, the court on the plaintiff's motion would have allowed discontinuance *without costs.* (1 J. R., 143; 2 id., 294; 18 id., 252.) It could not have been urged in opposition that no discharge, as an insolvent, had been granted to the defendant. The reason why the courts have sometimes refused to allow discontinuance without costs, unless a discharge is produced or shown, is because the court will not try the question of insolvency upon affidavits. (4 Hill, 594.) The plaintiff is not relieved on the ground that the defendant may defeat the action by pleading his discharge, but on the ground that the discharge affords conclusive evidence of the defendant's inability to pay. (8 Cow., 121; 1 Wend., 91.) In this case there is no question concerning the defendant's insolvency, because both parties allege it. 2. There is no case which goes far enough to show that a party who has not obtained a judg

Wormer v. Canovan.

ment in his favor cannot settle a suit because it may prejudice the possibility or even probability that his attorney might obtain his costs by a future trial and by a judgment in favor of his client.   (*Shank* v. *Shoemaker*, 18 N. Y., 490.)

In *Sweet* v. *Bartlett* (4 Sand., 661), the court says that an attorney has no lien for costs until a judgment is entered, or at least not till after verdict, and until the lien attaches the parties can settle the suit regardless of his claim for costs. (See, also, 103 Mass., 33, where the same doctrine is promulgated in a case very similar to the one at bar.)

*F. D. Wright*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

*By the Court*—MULLIN, P. J.   The plaintiff sued the defendant in ejectment, and during the pendency of the action and before trial the latter became insolvent.   The plaintiff, by his attorney, entered into a stipulation with the defendant, that the suit might be discontinued, without costs, and an order discontinuing the action was duly entered.

The defendant's attorney testifies that, before the stipulation was entered, he served notice upon the plaintiff's attorney that he forbade a settlement or discontinuance of the action until his costs were paid, on the ground that the defendant was insolvent.   But the plaintiff and his attorney, disregarding the notice, entered into the stipulation and entered an order of discontinuance, without costs.

The plaintiff's attorney denies that the notice forbidding the settlement was served on him before the stipulation was signed, but the judge holding the Special Term must have held either that such notice was served before the stipulation was signed, or that plaintiff's attorney had notice of defendant's insolvency, and that his attorney claimed costs.

The Special Term set aside the order of discontinuance, unless plaintiff would pay the costs of defendant's attorney.

The plaintiff appeals from that order.

The defendant's attorney had not, at the time the order of discontinuance was entered, any lien for costs as against his client or the plaintiff in the action.

Until judgment, or at least until the verdict, it could not be known that he would be entitled to costs, and until that question was settled there was nothing on which a lien could attach. (*Shank* v. *Shoemaker*, 18 N. Y., 489; *Brown* v. *Comstock*, 10 Barb., 67; *Sweet* v. *Bartlett*, 4 Sandf. 641.)

But, although the attorney has no lien for his costs before verdict or judgment, yet the court will set aside a settlement of the action before verdict, entered into between the parties, his client being insolvent, whereby he is deprived of his costs, when the opposite party has been notified of his (the attorney's) claim for costs, or when it is manifest that the object of the parties was to defraud him of his costs. (*Power* v. *Kent*, 1 Cow., 172; *Talcott* v. *Bronson*, 4 Paige, 501.)

When a settlement of a suit is made by the parties after notice of the attorney's claim for costs or in fraud of his right thereto, the court will not direct the payment of the costs, but it will set aside the settlement and permit the attorney to proceed to judgment, and thereby perfect his lien for his costs. (*Talcott* v. *Bronson*, 4 Paige, 501.)

The order in this case vacates the order of discontinuance, unless the plaintiff pays defendant's attorney's costs. This was precisely the relief to which the defendant's attorney was entitled.

To have vacated the order and thus compelled the plaintiff to proceed and try his cause before he could pay the defendant's attorney's costs, would have been very oppressive.

By the order granted he was enabled to pay the attorney's costs, and thus be relieved from further litigation.

Plaintiff might have moved, and for aught that appears before us he may still move for leave to discontinue, without costs. But until such relief is granted, he must either litigate the suit or discontinue on payment of costs.

The defendant's attorney swears that, on a day named by him, he served on the plaintiff's attorney a notice not to settle

the suit without payment of his costs. The plaintiff's attorney swears that such notice was not served on him until after the stipulation was signed. This presented a question of veracity which the judge at Special Term has found in favor of the defendant's attorney, and I am not prepared to say it was decided erroneously.

But whether the notice was served before or after the stipulation was signed, it is certain that it was served before the order of discontinuance was entered.

An action is not discontinued, except as between the parties, until the order of discontinuance is entered. (Graham Pr., 603; *Averill* v. *Patterson*, 10 N. Y., 500; *Bedell* v. *Powell*, 13 Barb., 183; *Cook* v. *Brock*, 25 How. Pr. R., 356.) Notice to the plaintiff or his attorney, before the entry of the rule that the defendant's attorney claims costs, is sufficient, unless the plaintiff has parted with something of value as a consideration for the consent to discontinuance.

Nothing of that sort appears in this case.

The order of the Special Term must be affirmed, with ten dollars costs.

Order affirmed.