PATRICK COUGHLIN, APPELLANT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, RESPONDENT.

*Attorney and client — agreement to prosecute action for one-half the damages — Fraudulent settlement by client — Relief of attorney — Evidence — defense not pleaded — to controvert matter set up in answer — admissible.*

Attorneys agreed with a party who had been injured by a collision on a railroad, to prosecute an action for him, without expense to him, against the company for the damages sustained, in consideration of one-half of the damages to be recovered. On the service of the summons in the action on a director of the company, he was informed that the attorneys had an interest in the suit for their services, and the company must not settle without their consent. Afterward the company obtained, in consideration of $1,000, a release from the plaintiff (without the knowledge or consent of his attorneys) from all claim for damages.

*Held,* that it would be unnecessary and unjust to set aside the release, as that would take from the defendant the protection which it afforded it against the plaintiff; but it was the duty of the referee before whom the cause was tried, having found the release to be fraudulent, to have held it void as against the attorneys, and complied with their request and ascertained the damages sustained by the plaintiff, and given judgment against the defendant for one-half the amount thereof.

The defendant having insisted that the referee could not try the question whether the release was obtained fraudulently, as that was not one of the issues referred to him:

*Held,* that as the release was set up as a defense in the answer, and by the Code all allegations in the answer are to be deemed denied, unless they constitute a counter-claim, in which case a reply must be put in, the plaintiff had a right to prove on the trial any matter that constituted an answer to the matter set up by the defendant as a defense, and the evidence that the release was obtained by fraud was a perfect answer to that instrument as a defense, if it was established by the evidence.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

*Strong & Goodyear*, for the appellant.

*Laning & Willett*, for the respondent.

MULLIN, P. J.:

The plaintiff, while riding as a passenger on the cars of the defendant, in East Buffalo, in January, 1874, was injured, as it is

alleged, by reason of the carelessness of the employes of the defendant, which brought about a collision between an engine of the defendant and the car in which plaintiff was sitting.

A day or two after the injury Mr. Strong, one of the plaintiff's attorneys, called on him (the plaintiff), and proposed to commence and prosecute to judgment, an action to recover the damages sustained by plaintiff, they (the attorneys) paying all expenses and disbursements, in consideration of the agreement of plaintiff to allow the attorneys one-half of the damages recovered, and if nothing was recovered, then nothing was to be charged the plaintiff for their services.

After the action was commenced the plaintiff, in consideration of $1,000, released the defendant from all claim for damages.

Several letters had passed between the plaintiff's attorneys and the general superintendent of the defendant, whose office was in Albany, in reference to a settlement of this and several other actions for injuries received at the same time plaintiff received his, and in the letters from the attorney, the superintendent was notified that plaintiff's attorneys claimed a lien on the damages obtained in the action, and that the same must be paid to them.

The attorney of the defendant, who made the settlement and obtained the release, did not know that the plaintiff's attorneys had given to defendant notice of their lien and forbidden any payment to plaintiff, but he did know of the pending of the action.

The plaintiff's attorneys were not informed of the settlement until some time after the same was made and the release obtained.

The issues were referred, and on the trial evidence was given on the part of the plaintiff establishing a cause of action against the defendant, and the plaintiff rested.

The defendant, under its second answer in this action, offered in evidence the release by the plaintiff. The plaintiff's counsel objected to the reception of the same in evidence, on the grounds:

1. That when given, an action was pending between plaintiff and defendant, commenced January 15th, 1874.

2. It does not, on its face, assume to be a settlement of such a suit, nor does it purport to be a receipt for the same damages claimed in the suit.

3. If held to be for the same damages, it does not settle the suit according to law.

4. It is not admissible under the plea of the defendant, and is not under seal.

The objection was overruled, and plaintiff's counsel excepted.

The release was then received in evidence.

The defendant's counsel next proved the negotiations between defendant's agents and the plaintiff, which resulted in the release, and rested.

The plaintiff's counsel then proved and put in evidence the written agreement between the plaintiff and his attorneys, by which he agreed to allow them, as compensation for their services and expenses in carrying on the suit, one-half the damages. It was also proved on the part of the plaintiff, the person who served the summons on a director of the defendant living in Buffalo, that at the time of the service he told the director he was directed by the plaintiff's attorneys to inform him that they had an interest in the suit for their services, and the defendant must not settle without their consent.

The referee found that before the complaint was served the plaintiff executed and delivered a release of any claim for damages by reason of the collision, in consideration of $1,000 by the company to him paid. He found, as matters of law, that the release was a complete defense to the action, and ordered judgment for the defendant. The referee subsequently found that plaintiff sustained damages by reason of the collision to the amount of $1,000.

He also finds the making of the contract between plaintiff and his attorneys, and that they, in good faith, went on to fulfill their obligations.

He also finds that plaintiff's attorneys gave notice to the agents of the defendant, of their claim to a share of any sum recovered in the action.

He also finds that the settlement was fraudulent and collusive as against plaintiff's attorneys, and was made without their knowledge.

The defendant excepted to several of the findings, and to the refusal of the referee to rule upon and decide several propositions which will be referred to hereafter. The plaintiff appeals.

It has been repeatedly held that an attorney has no lien for his

costs until the recovery, by his client, of a judgment on the verdict. (*Shank* v. *Shoemaker*, 18 N. Y., 489; *Brown* v. *Comstock*, 10 Barb., 67; *Sweet* v. *Bartlett*, 4 Sandf., 661.)

But the court will protect the attorney against a fraudulent or collusive settlement between his client and the adverse party by setting aside any release that may have been given, or where the right to costs has not been perfected by reason of there being no recovery entitling the attorney to his costs, the attorney will be permitted to proceed in the action as if no release had been given until the costs are adjusted. (*Rasquin* v. *Knickerbocker Stage Co.*, 12 Abb. Pr., 324; *Shackleton* v. *Hart*, 12 Abb. Pr., 325, note.)

As a general rule, the attorney has enforced his lien or protected himself against collusive settlements before an actual lien attached, by motion for leave to proceed with the action, when that is necessary, and the client will not be permitted to prevent him.

In *Martin* v. *Hawks* (15 Johns., 405), an action was brought by the plaintiff's attorney, in the plaintiff's name, for the escape of the defendant, in an action prosecuted by the plaintiffs against one Robinson, against whom an action for assault and battery had been brought and a recovery had of six cents damages and for seventy-seven dollars costs. A *ca. sa.* had been issued and the defendant in that suit committed thereon.

After the commitment, and on the same day, the plaintiff released the defendant Robinson, and directed the sheriff to discharge him from the arrest on the *ca. sa.*, as he had received in full the debt and costs. The sheriff accordingly discharged the defendant, and it was for this escape thus allowed the action was brought.

On the trial the plaintiff's counsel offered to prove that the judgment against Robinson, with the exception of six cents, belonged to Jordan, the attorney for the plaintiff, as the taxable costs; that the deputy sheriff, to whom the *ca. sa.* was delivered, was notified of the ownership of the judgment, and was forbidden to pay to plaintiff, and was required to pay to the attorney.

The evidence was rejected and the plaintiff nonsuited. The General Term granted a new trial, holding that the attorney had a lien upon the original judgment, which the court would protect and enforce, and as the remedy of the attorney could only be

enforced by holding him entitled to prosecute the sheriff for the escape, he was entitled to prosecute the suit to judgment.

The difference between the facts in this case and that cited do not impair the attorney's right to relief. In this case the attorney had no lien for his costs; in that he had ; but the right of the attorney to be protected against collusive settlements that deprive him of his costs is just as much entitled to protection, as it would be against a similar fraud to defeat his lien on the verdict or judgment. The difference is in the manner the remedy is to be applied, rather than in the remedy itself.

In this case the attorney requested of the court permission to make proof of the cause of action in favor of his client, in order that he (the attorney) might establish the amount of compensation to which he was entitled. In that case the attorney was permitted to prosecute a new and independent action to obtain against a third party the amount of his costs in such former action, which he had lost by the fraud of his client and the misconduct of the sheriff.

If the action for the escape could be prosecuted by the attorney, I can perceive no reason why the attorney may not maintain this action. In both the attorney had an interest in the subject of the action for his costs, which the court would protect against fraudulent and collusive settlements and releases, whether made before or after verdict or judgment. If the fraudulent release is given or the fraudulent settlement made before verdict, and the case is one in which the damages in the case must be ascertained before the right of the attorney to costs is determined, the relief he is entitled to is to prosecute the action to judgment, or, when that cannot be done, to prosecute a new action against whoever may be legally liable to redress the wrong done him.

In this case the attorney must have the damages in the action assessed, before the costs to which he is entitled, by virtue of the contract between him and his client, can be ascertained.

It is not necessary to inquire whether he could maintain another action against those engaged in the fraudulent attempt to deprive him of his costs. This suit is pending and another is wholly unnecessary.

It would be of very little advantage to set aside the release, that would take from the defendant the protection which it affords it

against the plaintiff. This would be both unnecessary and unjust. The same result is obtained by holding it void as against the attorney and leaving him to go on in the action as far as is necessary to the protection of his right. The referee finds that the settlement was made in fraud of the rights of the attorneys. It would be a disgrace to the administration of justice if the courts could not protect a party thus defrauded against the effect of such fraudulent arrangements.

The respondent's counsel insists that the referee could not try the question as to whether the release was obtained fraudulently, as that was not one of the issues referred to him. The release was set up as a defense in the answer. By the Code the allegations in the answer are to be deemed denied unless they constitute a counter-claim, in which case a reply must be put in.

It is, therefore, the right of a plaintiff to prove on the trial any matter that constitutes an answer to the matter set up by the defendant as a defense to the cause of action.

That the release was obtained by fraud was a perfect answer to that instrument as a defense, if it was established by the evidence. If the fraud is established it will not affect the rights of the defendant under it, except so far as necessary to protect the attorney.

It was the duty of the referee, having found the release to be fraudulent, to have complied with the request of the plaintiff's attorneys and ascertained the damages sustained by the plaintiff, and to have given judgment against the defendant for one-half the amount thereof.

The judgment must be reversed and a new trial ordered, costs to abide the event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment reversed and new trial granted before another referee, costs to abide event.