(54 App. Div. 175.)
## NATIONAL EXHIBITION CO. v. CRANE.

(Supreme Court, Appellate Division, First Department.   October 19, 1900.)

DISMISSAL AND NONSUIT—COSTS—CONDITION—ATTORNEY'S RIGHTS.
> Defendant, who had become irresponsible, made a collusive agreement with plaintiff consenting to a discontinuance of the action, without costs, to which discontinuance the defendant's attorney objected. *Held*, that the court had power to protect the attorney, as an officer of the court, in his inchoate right to costs, by requiring payment thereof as a condition of discontinuance.
>
> Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by the National Exhibition Company against Samuel Crane, as president of the Atlantic League of Professional Baseball Clubs. From an order discontinuing the action without costs, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John M. Ward, for appellant.

David Rumsey, for respondent.

HATCH, J. This action was brought against the defendant in a representative capacity to recover for money had and received to the plaintiff's use. After issue was joined by the service of an answer, and the cause had been many times upon the calendar for trial, at which times the defendant had been ready for trial, and present in court with his witnesses, the same was postponed, at the request of the plaintiff, until February 20, 1900, when it was peremptorily set for trial. Prior to this time the plaintiff had presented the stipulation of the defendant consenting to a discontinuance of the action without costs, to which the defendant's attorney objected, refusing to consent thereto unless his costs were paid. The reason assigned by the defendant's attorney for refusing to consent to the discontinuance unless his costs were paid was that the defendant the Atlantic League had disbanded, that its members were financially irresponsible, and the attorney's only reliance for compensation for his services was the costs of the action; that said attorney, in order to make his defense to the action, and to procure the attendance of the nominal defendant, Crane, had been obliged to regularly subpoena Crane, he having no present interest in the matter. Upon the refusal of the attorney to consent to the discontinuance without costs, the plaintiff procured an order to show cause why the action should not be discontinued without costs, and, this coming on to be heard, the order sought for was granted, and the action was discontinued without costs.

It is quite apparent that the stipulation given by the nominal defendant, Crane, was collusive, and intended to be used by the plaintiff to force the discontinuance of the action without payment of costs to the defendant's attorney; and the question presented upon this appeal is whether the court has the power to compel, as a condition

to the discontinuance of the action, the payment of the costs of the
defendant's attorney. Appellant does not claim, nor could he suc-
cessfully, that he is possessed of any lien, either by virtue of the pro-
vision of the Code or otherwise. It is quite clear that he has no such
lien, and as no counterclaim is set up in his answer, and no judgment
has been obtained, there is nothing which he represents to which
a lien could attach. He claims, however, that, as the stipulation
given by Crane was collusively obtained for the purpose of depriving
him of his costs, he, as an officer of the court, is entitled to be protect-
ed, in order that a successful fraud and cheat may not be worked up-
on him; and in this respect we do not think his appeal is in vain.
In Coughlin v. Railroad Co., 71 N. Y. 443, the court, in speaking upon
the subject of the power of the court to protect an attorney's right to
costs in cases of a collusive settlement, said:

"It is impossible to ascertain precisely when this practice commenced, or
how it originated, or upon what principle it was based. It was not upon
the principle of a lien, because an attorney has no lien upon the cause of ac-
tion, before judgment, for his costs; nor was it upon the principle that his
services had procured the money paid to his client upon the settlement, be-
cause that could not be known, and in fact no money may have been paid
upon the settlement. So far as I can perceive, it was based upon no prin-
ciple. It was a mere arbitrary exercise of power by the courts; not arbitrary
in the sense that it was unjust or improper, but in the sense that it was not
based upon any right or principle recognized in the cases. The parties being
in court, and a suit commenced and pending, for the purpose of protecting
attorneys, who were their officers, and subject to their control, the courts
invented this practice, and assumed this extraordinary power to defeat at-
tempts to cheat the attorneys out of their costs. The attorney's fees were
fixed and definite sums, easily determined by taxation, and this power was
exercised to secure them their fees."

The court in that case was speaking of the claim of the plaintiff's
attorney respecting his lien upon the cause of action, but the lan-
guage, so far as it affects the right and the power of the court, ap-
plies, whether the attorney who invokes the protection of the court
represents the plaintiff with a cause of action or the defendant with
none. The principle involved, if it may be called a principle, respect-
ing the power of the court to protect an attorney from being cheated,
by fraud and collusion, out of his costs, or of his opportunity to re-
cover costs, in a particular case, is the same, as the power is exercised
to protect an officer of the court as such, and for no other reason. It
is evident, if power exists to protect the attorney as an officer of the
court, it may protect him in an inchoate right as well as in one
which has ripened into a right presently enforceable. The underlying
basis for the exercise of the power is the fraudulent act by which the
attorney is deprived of a substantial right; and while for the most
part the power has been exercised in connection with a cause of
action or claim represented by the attorney for the plaintiff, or by the
attorney for the defendant when he has set up an affirmative right
to recover of the plaintiff, yet the right which authorizes the exercise
of the power, inasmuch as it does not depend upon the existence of a
cause of action, or of an affirmative claim, is to be enforced in all
proper cases where an officer of the court, by reason of a particular
act, has been or may be deprived of a right which in ordinary course

he might enforce. That such right may be protected has been repeatedly recognized, not alone in the case from which we have quoted, but in others. Randall v. Van Wagenen, 115 N. Y. 528, 22 N. E. 361; Walsh v. Railroad Co., 11 Hun, 190. In Wormer v. Canovan, 7 Lans. 36, the right of the special term to impose, as a condition of the discontinuance of the action, the payment of the costs of the defendant's attorney, was upheld. In that case the defendant had become insolvent, and the plaintiff obtained from him a consent to a discontinuance without costs. The defendant's attorney gave notice of his claim for the costs of the action, but the plaintiff, in disregard of such notice, procured an order of discontinuance, which, upon application to the court, was modified by requiring the payment of the defendant's costs as a condition of the order; and upon appeal such order was sustained, the court laying down the rule that it was possessed of the power to protect the attorney in his right to costs. It is quite true that the authorities cited in that case to support the ruling of the court (Power v. Kent, 1 Cow. 172, and Talcott v. Bronson, 4 Paige, 501) failed in support of the doctrine for which they were cited. In the first there was the right to enter an interlocutory judgment upon a demurrer to the complaint, which established the right to costs; in the second the attorney's right was protected by an order. But, notwithstanding this fact, a very learned court clearly decided that power exists to protect the defendant's attorney in his inchoate right to costs by imposing as a condition of discontinuance their payment. No cases that we have been able to find have cast any doubt upon this rule, and but little discussion of the subject is found in the books, probably for the reason that cases where power of the court has been called into exercise have been infrequent; but that the existence of the power may now be regarded as settled seems to be the result of the adjudicated cases.

The power existing, the present case presents facts which make its exercise eminently fit and proper. The plaintiff has caused the defendant to appear in attendance upon the court upon frequent occasions. In the meantime the association which he represents has disbanded and gone, and the personal membership is wholly irresponsible. The defendant Crane is not only without responsibility, but without personal interest, in the result of its lawsuit. The only person personally interested is the defendant's attorney, who seems in good faith to have insisted that he had a defense to the action, and has been gracious in extending favors to the plaintiff and its attorneys; has looked after and protected such defense by causing witnesses to be subpoenaed, including the defendant Crane; and at the very moment when the patience of attorney and court had been exhausted the consent of the nominal party defendant in the action is procured, and against the protests of the attorney his rights in the matter have been ignored and wiped out. For these reasons we think that the order should be reversed, with leave to the plaintiff to apply for a discontinuance of the action upon condition of the payment of the costs and such allowance as the court may make at the special term.

The order should be reversed, with $10 costs and disbursements.

O'BRIEN and McLAUGHLIN, JJ., concur.

INGRAHAM, J. I do not concur with Mr. Justice HATCH. The application to discontinue this action was made before the determination of the issues presented, and before the right of the defendant's attorney to any costs had accrued. It is conceded that there was no cause of action upon which he could have a lien, and the only contingency in which he would be entitled to costs would be a decision or verdict in favor of the defendant upon the trial of the action. The court certainly would have no right to compel the plaintiff to continue the action, or to allow the defendant's attorney to continue the action, for the purpose of ascertaining whether or not there would be a decision or verdict in favor of the defendant. There was, therefore, nothing to justify the court in refusing to continue the action, all parties to the action consenting thereto, simply for the reason that, if it had been determined that the defendant was entitled to a decision or verdict in his favor, his attorney would be entitled to costs from the plaintiff. I think the order should be affirmed.

VAN BRUNT, P. J., concurs.