(116 App. Div. 791)

## CROSSMAN v. SMITH.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

ATTORNEY AND CLIENT—ATTORNEY'S LIEN—ENFORCEMENT.

Plaintiff instituted a dispossession proceeding against defendant in which she was succcessful, whereupon defendant appealed to the County Court. There was no counterclaim involved in the procceding, and, while the appeal was pending, the parties stipulated for a settlement. which provided that all suits in regard to the property were withdrawn and settled. *Held,* that defendant's attorney had no lien that entitled him to enter judgment on appeal against plaintiff, notwithstanding the settlement for the purpose of securing his fees.

Appeal from Nassau County Court.

Action by Hannah M. Crossman against William F. Smith. From an order of the Nassau County Court canceling of record a judgment for costs, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Lincoln B. Haskin, for appellant.
George Wallace, for respondent.

WOODWARD, J.   Hannah Crossman was the landlord of William F. Smith. They had differences, and Smith sued the respondent in the Supreme Court. The respondent at the same time began a proceeding to dispossess the appellant for the nonpayment of rent. In this proceeding the respondent was successful, but the appellant appealed to the County Court. While this appeal was pending, Smith expressed a desire to settle the differences, resulting in a settlement in which Smith paid the respondent the sum of $133.33 for back rent, and for two months in advance. It was agreed in writing on the part of Smith "that all suits in law in regard to the above property is this day and date withdrawn and settled," and while the agreement is loosely drawn, there can be no doubt that it was intended as an adjustment of the differences between the parties, and was so accepted by both of them in good faith. Some time after this settlement between the parties, Smith's attorney entered a judgment on appeal against Mrs. Crossman for the sum of $38.12; this being done for the purpose of securing his fees, rather than from any doubt as to the settlement and its scope, and upon this appeal from an order setting aside this judgment, the appellant urges that he had a lien upon the cause of action for his fees.

There was no counterclaim involved in the proceeding, and there could not, therefore, be any statutory lien. No fraud or collusion is shown; the settlement between the parties appears to have been made and accepted in good faith, and just how the defendant's attorney could be entitled to have this judgment stand is more than we have been able to discover. The case of National Exhibition Co. v. Crane, 54 App. Div. 175, 6 N. Y. Supp. 361; 167 N. Y. 505, 60 N. E. 768, rests upon the fraud and collusion practiced on the defendant's attorney, and has no relation to the facts as they appear in the matter now before the court, and the books will, we believe, be searched in vain

for a case in which the defendant's attorney has been permitted to prosecute an appeal for the mere purpose of securing his fees, after the parties to the action have settled in good faith.

The order appealed from should be affirmed, with costs.   All concur.