1843.

Jones
v.
Grant.

JONES *vs.* GRANT and others.

A decree may be made between co-defendants, according to the justice and equity of the case, founded upon the pleadings and proofs, between the complainant and such defendants.

The court may also make a decree between co-defendants for contribution, or a decree over in favor of one defendant against another, founded upon facts stated in the complainant's bill, and which are admitted by the defendant, who is sought to be charged by his co-defendant, either by his suffering the bill, stating such facts, to be taken as confessed against him, or by a direct admission of such facts in his answer.

But no such decree can be made between co-defendants, founded upon matters not stated in the bill, nor in litigation between the complainant and the defendants or either of them.

It seems that relief will be granted as between co-defendants, on the foot of the final decree, upon motion or petition, founded upon matters stated in the complainant's bill and which are not in dispute between such defendants; without resorting to a supplemental bill in the nature of a cross bill against the defendant sought to be charged.

October 17.    THIS case came before the chancellor upon a petition of the executors of D. W. Cole deceased, for an order for summary relief, upon the foot of the decree in this cause, against Allen and Robinson, two of their co-defendants, on the following state of facts :   In September, 1835, A. P. Grant, and Cole the intestate, purchased a lot of land in East Oswego, and gave back a mortgage for the purchase money, $3500 and interest, payable to G. Smith in ten annual instalments ; but which bond and mortgage belonged to Smith and Jones.   In December thereafter, Allen and Robinson purchased of Cole his interest in the premises, and, as the petitioner alleged, agreed to pay the one equal half of the bond and mortgage to Jones, and to save Cole harmless. Smith subsequently assigned the bond and mortgage to Jones, and guaranteed the collection thereof.   In 1840 Jones filed a bill to foreclose the mortgage, and made Allen and Robinson, and the executors of Cole, as well as Grant, parties to the suit ; stating in the bill that Cole had in his lifetime conveyed his interest in the mortgaged premises to Allen and Robinson, subject to the mortgage.   But it was

not charged in the bill that they had assumed the payment of the half of the amount due and to become due thereon, or that they had agreed to indemnify Cole against the same. Allen and Robinson suffered the bill to be taken as confessed, and the executors of Cole put in an answer setting up the alleged agreement to pay the half of the bond and mortgage. And the cause was brought to a hearing upon bill and answer as to them ; and of course without any proof of such agreement. The decree directed a sale of the premises in the usual form ; and that Grant, the surviving mortgagor, pay the deficiency, with liberty to apply to the court upon the foot of the decree, against the executors of Cole for contribution, if he paid more than his proportion ; and that if the deficiency could not be collected of Grant, the executors of Cole pay such deficiency in the due course of administration ; and in that case, that such executors have leave to apply to the court for an order that Allen & Robinson repay them such sum or sums as such executors might be obliged to pay under that decree. The premises were afterwards sold by the master, and were bid in by Smith, the original mortgagee, for the sum of $100 ; leaving a deficiency due and to become due of about $3500. Smith afterwards paid Jones the deficiency, and called upon the executors of Cole to pay the same according to the decree, or to take the property and pay the same, together with the amount of his bid. And they finally made an arrangement with him by which they paid him $1000, and were to have a conveyance of the premises bid in by him, upon paying the residue of the deficiency and the $100 bid, and interest, in ten equal annual payments.

*J. V. L. Pruyn*, for the petitioners.

*L. H. Sandford*, for the defendant Robinson.

*W. F. Allen*, for himself, in person.

THE CHANCELLOR. It is the constant practice of the court to make a decree between co-defendants, according to the justice and equity of the case, founded upon the pleadings and proofs between the complainant and such de-fendants ; and such was the decision of the house of lords in the case of *Chamley* v. *Lord Dunsany*, (2 *Sch. & Lef. Rep.* 718,) where the decree of Lord Redesdale was affirmed. It is also competent for the court to make a decree between co-defendants for contribution, or a decree over in favor of one defendant against another, founded upon facts stated in the complainant's bill, and which are admitted by the defendant, sought to be charged by his co-defendant, either by his suffering the bill stating such facts to be taken as confessed against him, or by a direct admission in his answer. Such was the decree in this case, between Grant and the executors of Cole ; as it appeared from the bill, and which was not denied by either party, that Grant and Cole gave the bond and mortgage jointly, and were therefore prima facie liable to contribution as between themselves in payment of the deficiency, although the debt, at law, survived as against Grant. But no such decree can be properly made between co-defendants, founded upon matters not stated in the bill, nor in the litigation between the complainant and the defendants or either of them. (*Elliott* v. *Pell*, 1 *Paige's Rep.* 263.) Here the answer of the executors did indeed set up the alleged agreement between their testator and their co-defendants Robinson and Allen ; and it was properly set up for the purpose of having a provision inserted in the decree reserving their rights in relation to those co-defendants. But as Allen and Robinson knew nothing of that answer, and had only admitted the facts stated in the bill by suffering such bill to be taken as confessed, and the new matter set up did not affect the complainant's rights, in any way, and was not put in issue, no decree in favor of the executors could be founded upon that answer. Nor did the court profess to make any such decree in this case ; but merely reserved to them the right to apply to the court upon, the footing of the decree made

in the cause, for payment in such manner as they might be advised.

If the payment had actually been made in this case, in conformity to the terms of the decree, after the remedy against Grant had been exhausted by the return of an execution unsatisfied, and there had been no dispute as to the fact of the alleged guaranty, I am not prepared to say that this court could not, upon motion or petition, have given the proper relief; without the necessity of filing a supplemental bill, in the nature of a cross bill, against Allen and Robinson and against Grant. But the relief sought for in this case arises partly upon a new state of facts, founded on an agreement made between the petitioners and Smith, the purchaser at the master's sale. And although the arrangement which they have made appears to be more beneficial to Allen and Robinson, if they were in fact bound to indemnify the executors against the whole claim of the mortgagee for the deficiency, than the actual payment of the money would have been, it does not appear to be a proper case to grant the relief prayed, upon a summary application by petition.

The petition must therefore be dismissed; but without prejudice to the rights of the petitioners to proceed either by a suit at law, or by a bill in equity, founded upon the decree in this cause and the matters stated in their petition, to recover compensation in damages, or to carry into effect the alleged agreement between their testator and Allen and Robinson. And neither party is to have costs as against the other upon this application.(a)

---

(a) A decree will not be made between co-defendants upon matters which are entirely distinct, and have no immediate connection with the subject matter of the complainant's suit. (*Morrice* v. *Sanford, in House of Lords, September*, 1844; 8 *Lond. Jur. Reports*, 967.)