## MECHANICS' AND TRADERS' SAVINGS INSTITUTION *a.* ROBERTS.

*Supreme Court, First District ; Special Term, March,* 1855.

### FORECLOSURE SUIT.—RIGHTS OF INCUMBRANCERS MADE DEFENDANTS.

In an action for the foreclosure of a mortgage, under the statute, the court are not authorized to make a decree of sale, except for the purpose of satisfying the mortgage for the foreclosure of which the bill is filed, and the costs of suit.

A sale will not be ordered for the purpose of satisfying a junior mortgage, the mortgagee in which has been joined as defendant.

The affirmative relief which the court is authorized by section 274 of the Code, to grant to a defendant, is affirmative relief against the plaintiff only ; not against a co-defendant.

Motion for judgment on report of referee.

This was an action brought by the plaintiffs to foreclose a mortgage, made by Roberts. The Mechanics' Banking Association had been made defendants—they claiming to hold another mortgage, made by Roberts. By the referee's report, it appeared that there was a sum due upon the mortgage in suit, to the plaintiffs, and also another to the Mechanics' Banking Association.

The latter now moved for judgment and sale, and satisfaction of their mortgage, &c.

MITCHELL, J.—This was an action to foreclose a mortgage to the plaintiffs. The plaintiffs make no motion ; but the Mechanics' Banking Association, as defendant in the cause, moves for judgment on a report of a referee, showing that a certain amount is due to the plaintiffs, and a certain other amount due to the bank. There is nothing to show the order of priority of the mortgages, or that the bank's mortgage covers the same premises, and nothing to show any reason why the bank takes the conduct of the cause from the plaintiff ; or that the complaint or summons are so drawn that any relief can be given, except " the relief prayed for in the complaint."

It was allowable at one time to a plaintiff, to set out the rights of all the incumbrancers in his complaint, and then for the defendants to controvert with each other as to those rights; and while that rule prevailed, Renwick *v.* Macomb was decided. (*Hopk.* 177). But the rule was found productive of delay, and rules 132 and 136, of Chancery, established a different practice. The chancellor decided nothing contrary to this new practice in Tower *v.* White. (10 *Paige*, 395). The defendants then were allowed to set up in their answer, matter in contestation of the plaintiff's, (not of a co-defendant's,) rights, or matter necessary to show how the sale should be made, viz: in parcels, and in what order. An incumbrancer prior to the plaintiff, may set up his mortgage, and the sale be subject to that mortgage, or so as to satisfy it as well as the prior mortgage, as the effect is the same in both cases. But the Revised Statutes, which authorize a decree for the sale of mortgaged premises on a bill " filed for the foreclosure or satisfaction of a mortgage," only allow the sale to discharge " the amount due on the mortgage, and the costs of suit." (2 *Rev. Stats.* 191, § 15). " The mortgage," here means the mortgage for the foreclosure of which the bill is filed, and none other; and so far as the sale is concerned, there is no power in the court to go beyond that, as it derives its power to sell from the statute, and not from its general powers.

The judgment submitted, proposes a sale to satisfy the bank's mortgage only, and to make two other defendants liable for any deficiency. Nothing in the complaint or summons, can satisfy them that any such claim would be set up, and the complaint does not ask any such relief. It also shows that the defendant's mortgage is subsequent to the plaintiff's.

Section 274 of the Code is referred to as justifying this bold departure from long established practice. That section allows to a defendant affirmative relief; but is not that as against the plaintiff only? For it makes no provision for co-defendants to set up claims one against another; nor for notifying the adverse co-defendants of such claims. It also authorises the court to determine the ultimate rights of the parties on each side, as between themselves; but must not that be the rights as they arise from the claim set up by the plaintiff only? For

as to all claims between co-defendants, neither knows what the other sets up against him.

If a later interpretation of this section is to be allowed in any case, so as to conform to the old practice in chancery, it cannot be to obtain a decree of sale, when the statute allows it only for the mortgage of the plaintiff.

The counsel for the bank would be allowed to withdraw his motion; but as he wished the court to decide against him, apparently that he might appeal, if its views were adverse to him, his motion for judgment is denied.

---

## WINTHROP a. MEYER.

*New York Common Pleas; General Term, March,* 1855.

COMPETENCY OF WITNESS.—ASSIGNOR OF CHOSE IN ACTION.

The fact that an assignor of a *chose in action* has covenanted with the assignee that the full amount of the claim was due, does not render him incompetent to prove the claim in a suit by the assignee.

Appeal from a judgment of the Marine Court.

This was an action brought by Winthrop, as assignee of one Brown, to recover $150, for services rendered to the defendants, Meyer and Loovis, by Brown, as broker, in procuring a loan.

On the trial the plaintiff put in evidence an assignment in writing, of the claim from Brown to himself. The assignment contained a covenant that the amount of $150 was due and payable from the defendants.

The plaintiff then called Brown himself as a witness, to prove the rendering of the services alleged. The defendants objected to the competency of the witness, on the ground that under the covenant of the assignment, the suit must be considered to be prosecuted for his benefit. The objection was overruled, and the testimony admitted, subject to exception.