CHARLES II. PAYN, AS RECEIVER, &c., RESPONDENT, *v.* CHARLES S. GRANT, APPELLANT, IMPLEADED WITH LUCY C. LESTER AND OTHERS.

*Judgment of foreclosure—how far a defendant, having a lien prior to that of the plaintiff, is bound by the judgment—when the priority of their liens cannot be established in such an action— Code of Civil Procedure, § 521—when an answer may be served upon a co-defendant under.*

To this action, brought by the plaintiff to foreclose a mortgage given by one C. S. Lester, Lucy C. Lester, his wife, C. S. Grant, and E. M. Harris were made parties defendants, the complaint containing the usual allegations that they held interests or liens which had accrued subsequently to the lien of the plaintiff's mortgage. Grant appeared, but did not answer. Lucy C. Lester and Harris appeared and answered, denying that their liens were subsequent to that of the mortgagee, and demanded, and obtained a judgment declaring that the inchoate right of dower of Lucy C. Lester, and a mortgage held by her, and a judgment held by Harris, were prior and superior to the plaintiff's mortgage, and directing the premises to be sold subject to their said liens.

Upon an appeal from an order denying a motion made by Grant to have the clause establishing the priority of the liens of Lester and Harris stricken from the judgment, and to have the sale set aside; *Held*, that it was not necessary for Lester or Harris to have answered, setting up the priority of their respective liens, as the entry of the usual judgment of foreclosure and a sale thereunder would not have cut them off if they were prior in fact.

That upon their serving answers, setting up the priority of their liens over that of the plaintiff, the court should have dismissed the complaint as to them, but should not have rendered a judgment establishing the priority and amount of their liens as against the defendant Grant.

That the order should be reversed.

*Quære*, as to whether the defendants Lester and Harris could, by serving their answer upon the defendant Grant, as provided by section 521 of the Code of Civil Procedure, have litigated and established the priority of their liens in this action.

APPEAL from an order made at Special Term, denying a motion made by the defendant Grant, to strike out a clause of the judgment of foreclosure entered herein, to vacate a sale had thereunder, and for leave to file exceptions to the report of the sale of the premises.

This was an action brought to foreclose a mortgage executed by Charles S. Lester to the Commercial National Bank of Saratoga Springs. Grant was made a party, because he had a judgment

against Lester subsequent to the mortgage. Lucy C. Lester, the wife of the mortgagee, and Edwin M. Harris were also made parties, defendant. And the complaint contained the usual allegation that they had interests, or liens, which accrued subsequently to the lien of the mortgage. Grant appeared, but did not answer. Harris and Lucy C. Lester each appeared and answered, denying that their liens were subsequent to said mortgage, and averring that they were prior, and demanded a judgment so declaring. These answers were not served on Grant, under section 521 of Code of Civil Procedure. Judgment of foreclosure was entered up January 15, 1880, and it contained a clause to the effect that the inchoate right of dower of Lucy C. Lester and the mortgage held by her are prior and superior to the mortgage described in the complaint, and also that a judgment recovered by Harris and therein described was also prior and superior to the mortgage, and adjudging that the premises be sold, subject to this dower right, this mortgage and this judgment.

The sale took place March 5, 1880, and the premises were sold to the attorney of Lucy C. Lester for $4,000, leaving a deficiency of $3,865.06. Notice of filing the report of sale was served on Grant's attorney; but he did not know of the clause in the judgment above stated. Grant applied for an order to correct the judgment by striking out this clause; to set aside the sale; and to allow him to file exceptions *nunc pro tunc*. This was denied and he appealed.

*E. T. Brackett and Samuel Hand*, for the appellant. The judgment of foreclosure and sale in the action, as entered up herein, so far as it assumes to establish said alleged prior liens of his said co-defendants, Harris, and Lucy C. Lester, is illegal, irregular and void as against the defendant Grant, who suffered a default in the action. A mortgagee has no right to make one who claims adversely to the title of the mortgagor, and prior to the mortgage, a party defendant, for the purpose of trying the validity of his adverse claim of title in this court. (*Eagle Tr. Co.* v. *Lent*, 6 Paige, 638; *Jones* v. *Weed*, 4 Sandf. Ch., 208; *Bank of Orleans* v. *Flagg*, 3 Barb. Ch. 316;

*Holcomb* v. *Holcomb*, 2 Barb., 20, 22; *Corning* v. *Smith*, 2 Seld., 82, 84; *Lewis* v. *Smith*, 5 Seld., 502; *Frost* v. *Koon*, 30 N. Y., 428, 444, 449; *Lee* v. *Parker*, 43 Barb., 611; *Mechanics' Bank* v. *Thomson*, 55 N. Y., 7, 11; *Rathbone* v. *Hooney*, 58 Id., 463, 467.; *Emigrant In. Sav. Bank* v. *Goldman*, 75 Id., 125, 131; *Yerkes* v. *Roots*, 22 Alb. L. J., 97.)

Section 274 of the old Code and section 521 of the Code of Civil Procedure did not extend the right of defendants to introduce in their answers matters respecting the priority of liens over the mortgage in suit, which affect their co-defendants. (*Tracy* v. *N. Y. Steam and C. Co.*, 1 E. D. Smith, 349, 355; *People* v. *Al. and Sus. R. R. Co.*, 5 Lans., 26, 34; *Mech. and Traders' Savings Ins.* v. *Roberts*, 1 Abb. Pr., 381.)

*Esek Cowen*, for the respondent.

LEARNED, P. J. :

The general rule undoubtedly is that parties to an action are bound by the judgment. But the courts seem to have made an exception where, in a foreclosure action, one, having a prior right, has been made a party defendant. And they have held that the general clause of foreclosure in the judgment does not cut off such a person's rights. In *Lewis* v. *Smith* (9 N. Y., 502), the wife of the mortgagor did not join in the mortgage. On foreclosure she was made a party defendant, with the usual allegation. She did not defend; and it was held that the decree did not bar her dower. In *Merchants' Bank* v. *Thompson* (55 N. Y., 7) the same principle was decided; the court saying that the position of the wife was the same as if she had not been a party. (See also *Rathbone* v. *Hooney*, 58 N. Y., 463.) The same doctrine is established as to the holder of a mechanics' lien in *Emigrant Ind. Sav. Bk.* v. *Goldman* (75 N. Y., 127) and as to a prior judgment in *Frost* v. *Koon* (30 N. Y., 428. See also *Eagle Fire Ins. Co.* v. *Lent*, 6 Paige, 635).

Under these decisions, then, the defendants, Lucy C. Lester and Harris, had no occasion to put in answers, alleging the priority of their liens; as the judgment would not have barred them, if their liens were prior in fact. In the case of *Benjamin* v. *Elmira R. R. Co.* (49 Barb., 441) cited by the learned judge, the incumbrance

was subsequent to the mortgage foreclosed. So that the case does not apply. Nor does that of *Mechanics' and Traders' Savings Inst.* v. *Roberts* (1 Abb. Pr., 381).

In *Bank of Orleans* v. *Flagg* (3 Barb. Ch., 318) on the foreclosure of a mortgage the plaintiff made Graves a party defendant, who had a contract of purchase from the mortgagor. The contract was made prior to the mortgage. The allegations of the complaint were simply in the usual form, that Graves and others had or claimed some interests, &c., which had accrued subsequent, &c. Graves answered, denying that he claimed an interest, and setting up his agreement. The Chancellor held that the bill was not properly framed to enable the plaintiffs to litigate the question whether they were entitled to a preference over Graves; that, to enable them to litigate that question, instead of falsely averring that Graves had an interest which had accrued subsequent, &c., they should have set forth his claim specifically. And he reversed the decree and dismissed the bill as to Graves.

That case is important because it shows the construction put by the Chancellor on rule 132, adopted by him, which permitted this general allegation as to incumbrances, and which is commented upon by Judge DENIO, in *Lewis* v. *Smith* (*ut supra*). It is also important, because it is cited as authority for a *dictum* of Judge ALLEN, in *Brown* v. *Volkening* (64 N. Y., 76), to which, in fact, it seems to be opposed. What the allegations were in the complaint in that last cited case does not appear. The judgment of the Court of Appeals was for reversal; and therefore it does not appear that they disagreed with the doctrine of the Chancellor, in the *Bank of Orleans* v. *Flagg*, viz.: that the complaint should have been dismissed as to Volkening. The subsequent case of *Emigrant, Ind. Sav. Bk.* v. *Goldman* (*ut supra*), shows that the doctrine of *Lewis* v. *Smith* is undisturbed.

If, then, it was unnecessary for Lucy C. Lester and Harris to answer, has Grant been injured by their answering, and by the judgment establishing the priority of their liens? According to the rule laid down by the Chancellor, when it appeared that their claims were prior to the mortgage, the complaint should have been dismissed as to them. If this had been done, no harm could have

been done to Grant. But on the contrary, there was a direct adjudication in this action, to which he was a party, that the inchoate right of dower, the mortgage and the judgment were prior to the plaintiff's mortgage. This also established as against him the amount of the Lester judgment and of the Harris mortgage. The plaintiff had no right to establish these facts against Grant. The complaint served on him (or of which he was bound to take notice) alleged, on the contrary, that the rights of Lucy C. Lester and of Harris were subsequent to the plaintiff's mortgage. His default was an admission only of the facts alleged in the complaint. And the plaintiff had no right, on such default, to enter a judgment, contrary to those allegations. (*Tracy* v. *N. Y. Steam Faucet Co.*, 1 E. D. Smith, 355.)

It is unnecessary to inquire whether the defendants, Lucy C. Lester and Harris, could have availed themselves of section 521 of the Code of Civil Procedure, because, in fact, they did not.

The sale under the judgment followed it, and was expressly made subject to these alleged prior liens. The purchaser, therefore, was bound by the adjudication and sale.

It is insisted that Grant was not injured, for the reason that his own judgment was so late that, in any event, the value of the property would be consumed before he was reached. But this is not a case where we are to measure his rights by examining whether or not he will probably be injured. A judgment was perfected against him, to which the plaintiff was not entitled. That is an injury. It is insisted that Grant can have no relief, because the sale has been confirmed and the deed delivered. One answer to that is, that the purchaser was the attorney of Lucy C. Lester, chargeable with notice that the judgment was unauthorized. The reasons why Grant did not oppose confirmation are satisfactory to excuse him.

The order appealed from must be reversed, with $10 costs, and printing disbursements; and the motion granted, striking out the clause in the judgment mentioned in the moving papers, and setting aside the sale, with $10 costs against plaintiffs.

Present—LEARNED, P. J., and LANDON, J.

Ordered accordingly.