26  619
64  567
26  619
71  460
26h 619
52ad612

JOHN LANSING AND CHARLES A. SHERMAN, RESPOND-
ENTS, v. MARIA E. HADSALL AND OTHERS, EXECUTORS,
ETC., OF MARIA E. SEAVER, DECEASED, APPELLANTS, AND
ABEL SCOTT, RESPONDENT, IMPLEADED WITH ROSALTHA
A. SCOTT.

*Right of a defendant to have an independent issue, arising between himself and a
co-defendant, tried — Code of Civil Procedure, sec. 1204.*

In this action, brought to foreclose a mortgage, the mortgagor and two other
persons were made defendants, the complaint alleging that the two latter
defendants held prior mortgages upon the premises, the amount due upon
which was unknown to the plaintiff, and praying for the usual decree of fore-
closure and sale, and that the mortgages of the plaintiffs and of the said
defendants, respectively, be paid and satisfied out of the avails of the sale
according to their respective priorities.

*Held,* that the mortgagor could not in this action serve an answer raising an issue
between himself and one of his co-defendants as to the validity of and amount
due upon the prior mortgage alleged to be held by such co-defendant.

APPEAL from a judgment, entered on the report of a referee.

*L. I. Dorwin* and *Elon R. Brown,* for the appellants.

*Henry Purcell,* for the plaintiffs, respondents.

*O'Brien & Emerson,* for Scott, respondent.

SMITH, J.:

The plaintiffs brought this action to foreclose a mortgage executed
by the defendant Abel Scott, and they made Rosaltha Scott and also
Maria E. Seaver, the appellants' testatrix, parties defendant, alleging
in the complaint that each of them held a prior mortgage, the amount
due upon which was unknown to the plaintiffs. The complaint
prayed for the usual decree of foreclosure and sale and that the
mortgages of the plaintiffs and of the said defendants, respectively,
be paid and satisfied out of the avails of the sale according to their
respective priorities. The only defendants who appeared were Maria
E. Seaver and Abel Scott. They procured copies of the complaint

to be served on them but did not answer; and all the defendants having made default an order of reterence was entered to compute the amounts due on the respective mortgages above mentioned. On that reference a dispute arose between the counsel for Mrs. Seaver and Abel Scott as to the amount due on Mrs. Seaver's mortgage and the reference was held open. The plaintiffs and the defendant Scott then stipulated to open the defaults and permit Scott and Mrs. Seaver to answer, but Mrs. Seaver declined to enter into the stipulation. The defendant Scott then served his answer, but there is no evidence that it was served on Mrs. Seaver or the appellants. Thereafter Mrs. Seaver died and the appellants were substituted in her place as defendants. By consent of all the parties appearing, an order was then entered referring "the issues, if any," to a referee for trial. The answer of Scott did not put in issue any of the allegations in the complaint on which the plaintiffs' right of action depended, but it alleged that the Seaver mortgage was given as collateral security for the performance by Scott of an agreement made by him to convey to Mrs. Seaver certain land, and that he had offered to perform the agreement by tendering a sufficient deed which Mrs. Seaver had refused to accept. The executors of Mrs. Seaver appeared before the referee and objected to proof of the facts set up in Scott's answer as against them. The referee overruled the objection and held that the service of the answer was regular and the executors were bound by it, and that the answer created an issue, between Scott and both the plaintiffs and the executors, to be tried. The referee, in substance, sustained the averments in Scott's answer and reported that the appellants were not entitled to any portion of the avails of the sale of the mortgaged premises.

The position is taken, that as the appellants suffered a default, they have no right to appeal. What they complain of is that the judgment appealed from was not entered upon the default of themselves and the other defendants, but was rendered upon the decision of an issue tendered, not by the complaint, but by the answer of their co-defendant Scott. As to that issue, according to the ruling of the referee, they were not in default.

It is a misconception to suppose that the answer of Scott tendered an issue to be tried in this action. It made no issue with the com-

plaint, and it does not appear to have been served upon the appellants or their testatrix. If it had been so served, it would not have presented an issue to be tried in this action. It is true that section 1204 of the new Code, provides that the judgment in an action " may determine the ultimate rights of the parties on the same side, as between themselves." The same provision was in the old Code (§ 274), and Mr. Justice EARL said of that, in *Kay* v. *Whittaker* (44 N. Y., 576), " that defendants can have relief against each other only in a case in which they have appeared and answered, in reference to the claim made against them by the plaintiff, and as a part of the adjustment of that claim, and that it must be based upon the facts involved in, and brought out by the litigation and investigation of that claim." The provisions of the Code referred to are simply declaratory of the pre-existing practice in chancery. (*Jones* v. *Grant*, 10 Paige, 348.) In the present case, the complaint assumed the existence and validity of the Seaver mortgage, and simply denied knowledge of the amount due. Under the averments of the complaint nothing remained to be done but to compute the amount due. The answer of Scott, tendered an independent issue, not raised by the complaint, and which could only be litigated in an action between Scott and his co-defendants.

On looking into the evidence we find that it is the same substantially as that given before the same referee in the case of *Hadsall* v. *Scott*, decided by us at the present term.* The errors pointed out in the opinion in that case exist in this.

The judgment must be set aside, and as no issue has been joined, the reference to hear and determine the issues, " if any," should be vacated, and the case should proceed under the order of reference to compute the amount due on the respective mortgages. The appellants to recover of the respondents their costs of this appeal, and their disbursements in the proceedings before the referee under the order of reference hereby vacated.

HARDIN, J., concurred; TALCOTT, P. J., not voting.

So ordered.

---

* Reported, *ante*, p. 617.