HAMILTON *et al. v.* MANHATTAN RY. CO. *et al.*

(*Superior Court of New York City, General Term.* February 6, 1890.)

COSTS—EXTRA ALLOWANCE—REVIEW OF ORDER.

In an action for damages to abutting property, caused by operating an elevated railroad, an order granting an extra allowance on the amount of past damages, and denying it on the amount of the fee value of the property, will not be reviewed by the general term as to that part only which denies the motion.

Appeal from special term.

An action by James A. Hamilton and others against the Manhattan Elevated Railroad Company and another. Plaintiffs appeal from so much of an order as in part denies their motion for an extra allowance.

Argued before FREEDMAN and INGRAHAM, JJ.

*Burnett & Whitney*, for appellants.    *Davies & Rapallo*, for respondents.

FREEDMAN, J.    This action was brought in equity for an injunction and damages on account of the interference by defendants with easements belonging to certain pieces of property of the plaintiffs.    The trial of the issues resulted in the recovery by plaintiffs of the sum of $8,750 for past damages, with costs, and the award of an injunction, which was not to become operative if the defendants should pay the further sum of $8,500 for loss of fee value.    The plaintiffs then moved for an extra allowance in addition to costs, and the court made an order giving them 5 per cent. on the amount of past damages as found, and denying the motion otherwise.    The plaintiffs appeal from only so much of the order as denies the remainder of their motion.    In other words, they want to retain all the benefits and to get more.    Such a practice should not be encouraged.    As an order granting or refusing an extra allowance rests largely in the discretion of the trial judge, if it is to be reviewed at all the whole of the order should be presented, so that the exercise of discretion can be reviewed upon all the facts that bear upon it.    The reasons given by the learned chief judge, on making the order in this case, do not amount to a denial of power to grant more than was granted, but consist of considerations of an equitable character.    He may have been mistaken as to their force, but that does not help the plaintiffs here.    If he could have been persuaded to grant something based on loss of fee value, he might not have granted as high a percentage as he did on the amount representing past damages.    The order should be affirmed, with $10 costs and disbursements.

INGRAHAM, J.    I concur with Judge FREEDMAN that the order appealed from should be affirmed.    The order does not state that the motion for an extra allowance on the amount of the fee value of the plaintiffs' property was denied on the ground that the court had no power to grant it.    The denial is based upon the ground that there had been no recovery of the amount of the value of the fee, and that the value of the subject-matter of the judgment for injunction was indeterminate and unsusceptible of liquidation.    There is no denial here of the power of the court to grant an allowance where the value of the subject-matter of the judgment for injunction is capable of exact determination, but that, for some reason not stated, the trial judge was unable to determine it in this action.    The determination of the court below as to the

amount of allowance to be granted was in the discretion of the court, and I see nothing in the record that requires us to review that determination. The order appealed from should therefore be affirmed, with $10 costs and disbursements.