### MUTUAL LIFE INS. CO. *v.* CRANWELL *et al.*

*(Supreme Court, General Term, Fourth Department.* April, 1890.)

1. MORTGAGES—FORECLOSURE—DEFENDANTS' RIGHTS AS BETWEEN THEMSELVES.
   Code Civil Proc. N. Y. § 521, which permits a judgment to determine the ultimate rights of defendants as between themselves, applies only to those cases where the relief sought by defendants is based on facts involved in the litigation of plaintiff's claim; and in foreclosure proceedings the mortgagor, who has conveyed the land to her co-defendants by a deed absolute on its face, will not be permitted to litigate with them the question whether the deed was intended merely as security for a debt, and thereby delay plaintiff in obtaining satisfaction of his mortgage.

2. COSTS—EXTRA ALLOWANCE—DISCRETION OF COURT.
   An extra allowance of costs under Code Civil Proc. N. Y. § 3253, which authorizes such an allowance in foreclosure proceedings in a sum not exceeding 2½ per cent. of the amount due on the mortgage, nor the aggregate sum of $200, "in the discretion" of the court, will not be reviewed on appeal unless there has been a clear abuse of discretion.

Appeal from special term, Oneida county.

Foreclosure by the Mutual Life Insurance Company of New York against Margaret Cranwell, George W. Cranwell, Charles C. Kellogg, Patrick F. Bulger, Benjamin R. Robson, Erastus Z. Wright, George S. Dana, Eliza Ross, and Eliza K. Ross. From a judgment of foreclosure for $15,847.58 the defendant Margaret Cranwell appeals.

In the notice of appeal, it is stated: "The appellant intends to bring up for review upon such appeal, and also hereby appeals from, the order of the

supreme court allowing said judgment, and denying said motion to vacate the order of reference, etc., and granting $200 extra allowance, as in a difficult and extraordinary case." Appellant and her husband executed and delivered to the plaintiff, on the 10th of January, 1885, a bond in the penal sum of $20,000, and an ordinary real-estate mortgage, collateral thereto, covering premises situated in the city of Utica, particularly described in the complaint. On the 26th day of May, 1885, appellant and her husband executed another bond, in the penal sum of $10,000, conditioned to pay $5,000 and interest, and, as collateral security thereto, they executed another mortgage covering the real estate mentioned in the complaint, and delivered the same to the plaintiff; and, in connection with the usual allegations in the complaint for the foreclosure of mortgages, it is alleged, viz.: "And the plaintiff further alleges, on information and belief, that Charles C. Kellogg, Patrick F. Bulger, Benjamin R. Robson, Erastus Z. Wright, George S. Dana, Eliza Ross, and Eliza K. Ross have, or claim to have, some interest in or lien upon the said mortgaged premises, or some part thereof, which interest in, or lien, if any, has accrued subsequently to the lien of said mortgage." The only prayer of the complaint for a personal judgment is in the following words: "That the defendants Margaret Cranwell and George W. Cranwell may be adjudged to pay any deficiency which may remain after applying all said moneys so applicable thereto," etc. The complaint contains a prayer for the appointment of a receiver, and it was stated in the argument that a receiver had been appointed. On the 21st of May, 1889, the appellant served an answer containing some denials, and "for a second and separate answer and defense, and as a counter-claim alleged and directed against the said defendants Patrick F. Bulger and Benjamin R. Robson, and in answer to both counts and cause of action in said complaint set forth, the said defendant Margaret Cranwell, impleaded with said other defendants, alleges that heretofore, and on or about the 19th day of July, 1888, an agreement was made and entered into between said defendant Margaret Cranwell and said defendant Benjamin R. Robson, and also said defendant Patrick F. Bulger, acting as attorney for said Robson, and in his own behalf, and to secure notes held by him, that said Cranwell should convey to said Robson the property described in said complaint, and also other property belonging to said Cranwell. * * * That, in consideration thereof and therefor, said Robson should loan to said defendant Cranwell sufficient money to pay certain then pressing debts and obligations due from her to said defendant Kellogg and said Wright and Dana, and said note to said Patrick F. Bulger, and for interest, insurance, and taxes. * * * And the said parties, Cranwell, Robson, and Bulger, further covenanted and agreed that said Robson should reconvey the said property to said Margaret Cranwell two years from said date, by a good and sufficient deed, upon the payment to said Robson or said Bulger of the amount of money advanced or loaned by said Robson, or either of them, to said Cranwell, or paid out for her or on her account, to pay said specified debts to said Kellogg, Wright, and Dana and Bulger, or to plaintiff, with interest, insurance, and taxes, and also the sum of $500 to said defendant Bulger for his services, and for the said loan or accommodation, and as a bonus thereon. That said Cranwell agreed to retake or repurchase said property, and pay therefor the said amounts so paid out by said Bulger and Robson, and the said $500, not to exceed the sum of $4,610, over and above said plaintiff mortgages, * * * and pay the same at the expiration of two years from said date. That said deed to said Robson was, and was intended to be, only a mortgage upon said terms." The answer contains numerous other allegations relating to the agreement between Mrs. Cranwell and defendants Robson and Bulger, alleging divers breaches of the agreement between her and said defendants Robson and Bulger; and her answer contains a prayer for relief between her and Robson and Bulger, and that "said agreement alleged between said defend-

ants Cranwell, Bulger, and Robson be declared adjudged, and, if necessary, reformed, and thereupon specifically performed, and that said defendants be required to specifically perform. and in all respects to carry out, the provision of said contract, and satisfy said subsequent incumbrances, and that pursuant thereto said defendants Robson and Bulger be directed and required to hold and care for the property described in said complaint, and to keep the same free from the mortgages in said complaint described." Before the trial a copy of her answer was served upon the defendants Robson and Bulger. At the close of the evidence the referee held and decided, viz.: "There is no defense made out here, and I think the plaintiff is entitled to the ordinary decree of foreclosure and sale in this case." A report was made and delivered by the referee, and in a special finding made by the referee in regard to the prior action of foreclosure commenced in 1886, the referee found "that such prior action was duly settled and discontinued, and an order to that effect duly entered in said clerk's office, prior to the commencement of this action." There were 16 requests to find conclusions of law made to the referee, and he refused. To such refusals, exceptions were taken; and there were 14 exceptions filed to the referee's report.

William C. Wilcox, a witness for plaintiff, whose testimony is contained in folios 436, 439, 443, 446, 454, 457, of the printed case, referred to in the opinion, testified that he remembered about the prior action of foreclosure commenced in 1886; that he went to New York, and called on plaintiff's officers, at the request of the Cranwells; that he arranged with the plaintiff for a withdrawal of that action; and that, on paying interest and costs, the action was discontinued. The plaintiff also introduced in evidence the following stipulation, also referred to in the opinion, signed by its attorney:

"The defendant Margaret Cranwell, having paid the plaintiff the costs and disbursements in the above entitled action, and the interest due September 1, 1886, on the mortgages for the foreclosure of which this action was brought, it is hereby stipulated that said action be, and the same hereby is, discontinued, without further costs to either party as against the other; and it is further stipulated that, upon filing this stipulation with the county clerk of Oneida county, an order discontinuing said action, and directing the cancellation of the notice of the pendency of said action filed with said clerk on November 13, 1886, may be entered, without further notice. WARD HUNT."

Plaintiff then introduced the following order, also referred to in the opinion, entered in the office of the Oneida county clerk:

"On reading and filing the foregoing stipulation in the above entitled action, on motion of Ward Hunt, the plaintiff's attorney, it is ordered that said action be, and the same hereby is, discontinued, without further costs to either party as against the other; and it is further ordered, on like motion, that the notice of the pendency of said action, filed and recorded with the county clerk of Oneida county on November 13, 1886, be canceled of record upon the entry of this order.                    M. J. BRAYTON, Clerk."

Code Civil Proc. N. Y. § 521, permits the judgment to determine the ultimate rights of two or more defendants as between themselves.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

E. D. Matthews, for appellant.     H. J. Cookinham, for respondent.     William Kernan, for defendants Bulger and Robson.

HARDIN, P. J.     1. We are of the opinion that there was abundant evidence before the referee to warrant his finding, as a matter of fact, that the action which was commenced by the plaintiff, in 1886, to foreclose the mortgages now in suit, was settled and discontinued prior to the commencement of this action. See folios 436, 439, 443, 446, 454, 457, and the stipulation signed by Ward Hunt, then plaintiff's attorney, dated December 3, 1886, found at page 92½ of the appeal-book, and the order entered thereon in the Oneida

county clerk's office in pursuance of the stipulation canceling the notice of the pendency of the action, filed November 13, 1886. *Wormer* v. *Canovan,* 7 Lans. 36.

2. Undoubtedly, as between the appellant and Robson, he was a mortgagee in possession of the premises at the time of the commencement of this action. After a careful examination of the defendant's answer, and the conveyance made by her to Robson, and the contract which was entered into by Robson with her to reconvey the premises to her at the expiration of two years, and after a careful scrutiny of all the evidence that was offered, as well as that which was received by the referee, we are of the opinion that the appellant had no defense to the bonds and the mortgages set out in the complaint as against the plaintiff. She was, therefore, not entitled to delay the foreclosure of the mortgages held by the plaintiff. Appellant has called our attention to section 521 of the Code of Civil Procedure. Substantially the same provision was found in section 274 of the Code of Procedure. The latter section was construed in *Institution* v. *Roberts,* 1 Abb. Pr. 381, where it was held, viz.: "The affirmative relief which the court is authorized by section 274 of the Code to grant to a defendant is affirmative relief against the plaintiff only, not against a co-defendant." Construction was also given to that section of the Code of Procedure in *Kay* v. *Whittaker,* 44 N. Y. 565; and it was there held, viz.: "Under the provision of the Code, § 274, for determining the ultimate rights of the parties on each side as between themselves, the relief which defendants may have as against each other must be based upon the facts involved in the litigation of the plaintiff's claim, and as a part of the adjustment of that claim, and not upon claims with which the plaintiff has nothing to do, and which are properly the subject of an independent litigation between such defendants." In *Lansing* v. *Hadsall,* 26 Hun, 621, which was decided in this department in 1882, we followed *Kay* v. *Whittaker, supra;* and in the opinion, delivered by SMITH, J., it was further said: "The provisions of the Code referred to are simply declaratory of the pre-existing practice in chancery. *Jones* v. *Grant,* 10 Paige, 348." And in referring to the rule in *Elliott* v. *Pell,* 1 Paige, 268, and in stating the exceptional cases in which a decree should be made, the chancellor said it "must be founded upon, and connected with, the subject-matter in litigation between the complainant and one or more of the defendants." The rule has recently been reaffirmed in *Smith* v. *Hilton,* 2 N. Y. Supp. 820; *Institution* v. *Burdick,* 87 N. Y. 40. In the case of *Jones* v. *Grant,* 10 Paige, 348, parties who were somewhat similarly situated to property affected by foreclosure proceedings sought by petition "for summary relief," and the chancellor again asserted the rule, and stated: "No such decree can be made, between co-defendants, founded upon matters not stated in the bill, nor in litigation between the complainant and the defendants, or either of them." In that case the petition was dismissed, "but without prejudice to the rights of the petitioners to proceed either by a suit at law or by a bill in equity founded upon the decree in this cause, and the matters stated in their petition, to recover compensation in damages." We think it proper that the judgment in this case should be modified so as to contain a protective clause somewhat similar to the one we have just quoted, and as so modified the judgment of foreclosure should be affirmed.

3. After the order made at the special term held at Rome on the 4th of June, the parties appeared before a justice of this court who designated a suitable person to act as referee, and thereafter an order as of the term commencing the 4th of June was prepared and entered; and apparently, from the note at the foot of the order, it was entered with the clerk of Oneida on the 27th of June, 1889. The reference was brought on for hearing before the referee named in the order. No motion was made to set the order aside until after the hearing of the referee. While that order stood the referee was fully commissioned by the court to act as such referee. He therefore properly over-

ruled the objections that were made before him in respect to his power to determine the issue between the plaintiff and the appellant. After his report was made upon the issue which he was authorized to hear and determine, and after his report was made in pursuance of an order authorizing him to compute the amount due as to the non-answering defendants, which order was made at the Jefferson special term, a motion was made at the Onondaga special term to confirm the referee's report, and for a judgment. When that motion came on to be heard, the appellant sought to have the order of reference vacated. We think the special term properly denied the motion to vacate the order of reference.

4. As to the order granting an extra allowance, we think a case was made calling for the exercise of the discretion of the court, under section 3253 of the Code of Civil Procedure. The language of that section authorizes the court "in its discretion," to award "in an action of foreclosure a sum not exceeding two and one-half per centum upon the sum due, or claimed to be due, upon the mortgage, nor the aggregate sum of $200." It was held in *Morss* v. *Hasbrouck*, 13 Wkly. Dig. 393, (third department,) that such discretion will not be reviewed where there has not been an abuse of it. See, also, *Hamilton* v. *Railway Co.*, 8 N. Y. Supp. 546. We think the order granting the extra allowance should stand.

Judgment modified by inserting a clause therein to the effect that the same shall be "without prejudice to the right of the Cranwells to proceed, either by a suit at law or a bill in equity, to enforce the agreement set up in the answer against Robson and Bulger, or to recover compensation in damages," and, as so modified, judgment affirmed, with costs. See *Jones* v. *Grant*, 10 Paige, 351. Orders appealed from affirmed, with costs. All concur.