Hardin, P. J.
(1). We are of the opinion that there was abundant evidence before the referee to warrant his finding as a matter of fact that the action which was commenced by the plaintiff in 1886 to foreclose the mortgages now in suit was settled and discontinued prior to the commencement of this action. See folios 436, 439, 443, 446, 454, 457, and the stipulation signed by Ward Hunt, then plaintiff’s attorney, dated December 3,1886, found at page 92^ of the appeal book, and the order entered thereon in the Oneida county clerk’s office, in pursuance of the stipulation cancelling the notice of the pendency of the action filed November 13, 1886. Wormer v. Canovan, 7 Lans., 36.
(2). Undoubtedly, as between the appellant and Robson, he was a mortgagee in possession of the premises at the time of the commencement of this action. After a careful examination of the defendant’s answer and the conveyance made by her to Robson, and the contract which was entered into by Robson with her to reconvey the premises to her at the expiration of two years, and after a careful scrutiny of all the evidence that was offered, as well as that which was received by the referee, we are of the opinion that the appellant had no defense to the bonds and the mortgages set out in the complaint as against the plaintiff; she was, therefore, not entitled to delay the foreclosure of the mortgages held by the plaintiff. Appellant has called our attention to § 521 of the Code of Civil Procedure; substantially the same provision was found in § 274 of the Code of Procedure. The latter section was construed in Mechanics’ & Traders' Savings Institution v. Roberts, 1 Abb. Prac. Rep., 381, where it was held, viz.: “ The affirmative relief which the court is authorized by § 274 of the Code to grant to a defendant is affirmative relief against the plaintiff only, not against a co-defendant.” Construction was also given to that section of the Code of Procedure in Kay v. Whittaker, 44 N. Y., 565, and it was there held, viz.: “Under the provision of the Code, § 274, for determining the ultimate rights of the parties on each side, as between themselves, the relief which defendants may have, as against each other, must be based upon the facts involved in the litigation of the plaintiff's claim, and as a part of the adjustment of that claim, and not upon claims with which the plaintiff has nothing to do, and which are properly the subject of an independent litigation between such defendants.”
In Lansing v. Hadsall, 26 Hun, 621, which was decided in this department in 1882, we followed Kay v. Whittaker, supra, and in the opinion delivered by Smith, J., it was further said: “The provisions of the Code referred to are simply declaratory of the *380 pre-existing practice in chancery,” Jones v. Grant, 10 Paige, 348 ; and in referritig to the rule in Elliott v. Pell, 1 Paige, 268, and in stating the exceptional cases in which a decree should he made, the chancellor said it “ must be founded upon and connected with the subject-matter in litigation between the complainant and one or more of the defendants.” The rule has .recently been reaffirmed in Smith v. Hilton, 50 Hun, 239 ; 19 N. Y. State Rep., 340; Albany City Savings Institution v. Burdick, 87 N. Y., 40.
In the case of Jones v. Grant, 10 Paige, 348, parties who were somewhat similarly situated to property affected by foreclosure proceedings sought by petition “for summary relief,” and the chancellor again asserted, the rule, and stated: “Ho such decree can be made between co-defendants, founded upon matters not stated in the bill, nor in litigation between the complainant and the defendants, or either of them.” In that case the petition was. dismissed, “ but without prejudice to the rights of the petitioners to proceed either by a suit at law, or by a bill in equity, founded upon the decree in this cause and the matters stated in their petition, to recover compensation in damages.”
We think it proper that the judgment in this case should be modified so as to contain a protective clause somewhat similar to the one we have just quoted, and as so modified, the judgment of foreclosure should be affirmed.
(3) . After the order made at the special term held at Rome on the 4th of June, the parties appeared before a justice of this court, who designated a suitable person to act as referee, and thereafter an order as of the term commencing the 4th of June was prepared and entered, and apparently, from the note at the foot of the order, it,was entered-with the clerk of Oneida.on the 27th of June, 1889. The reference was brought on for hearing before the referee named in the order. Ho motion was made to set the order aside until after the hearing of the referee. While that order stood the referee was fully commissioned by the. court to act as such referee. He therefore properly overruled the objections that were made before him in respect to his power to determine the issues between the plaintiff and the appellant. After his report was made upon the issue which he was authorized to hear and determine, and after his report was made in pursuance of an order authorizing him to compute the amount due as to the noniimswering defendants, which order was made at the Jefferson special term, a motion was made at the Onondaga special term to confirm the referee’s report and fora judgment; when that motion came on to be heard the appellant sought to have the order of reference vacated. ■
We think the special term properly denied the motion to vacate the orders of reference.
(4) . As to the order granting an extra allowance. We think a case was made calling for the exercise of the discretion of the court under § 3253 of the Code of Civil Procedure. The language of that section authorizes the court “ in its discretion ” to award “ in an action of foreclosure a sum not exceeding two and *381 one-half per centum upon the sum due or claimed to be due upon the mortgage, nor the aggregate sum of $200.”
It was held in Morss v. Hasbrouck, 13 Wk. Dig., 393, third department, that such discretion will not be reviewed where there has not been an abuse of it. See also Hamilton v. Manhattan Railway Company, 29 N. Y. State Rep., 28. We think the order granting the allowance should stand.
Judgment modified by inserting a clause therein to the effect that the same shall be without prejudice to the right of the Cranwells to proceed either by a suit at law or a bill in equity to enforce the agreement set up in the answer against Eobson and Bulger or to recover compensation in damages, and as so modified judgment affirmed, with costs. See Jones v. Grant, 10 Paige, 351. Order appealed from affirmed, without costs.
Martin and Merwin, JJ., concur.