BETSEY REVOIR, Respondent, v. FLORENCE A. BARTON and ANNA L. BARTON, Appellants.

*A pending action to foreclose a prior mortgage is not a bar to an action to foreclose a subsequent one — evidence properly rejected in an action of foreclosure.*

The pendency of an action to foreclose a prior mortgage is no bar to an action brought to foreclose a subsequent mortgage, although the holders of such subsequent mortgage are made parties to the foreclosure suit of the first mortgage, and in such suit the answer of the owner of the equity of redemption, among other things, denies the validity of the subsequent mortgage and demands that it be canceled of record, and notwithstanding the fact that such answer has been served upon the plaintiff in that action and upon the owner of the subsequent mortgage.

The owner of certain premises agreed to convey them to another upon his paying a certain sum therefor, assuming a bond and mortgage thereon, and giving back his bond and a second mortgage thereon, and further agreed that the building thereon, then in the course of erection, should be completed on or before a certain time; such conveyance thereof was given, and the sum provided to be paid was paid, and the one mortgage was assumed and the other was given.

*Held*, in an action brought for the foreclosure of the mortgage thus given — where the answer alleged that the plaintiff had failed to perform her agreement as to the completion of the house, and that, therefore, the bond and mortgage were null and void, but contained no defense by way of offset or counterclaim — that evidence offered for the purpose of showing that the plaintiff had failed to perform her agreement as to the completion of the house, was properly rejected;

That the partial failure of consideration, resulting from the breach, furnished no ground to disaffirm the executed provisions of the contract; that the remedy for such breach was in the recovery of damages therefor.

APPEAL by the defendants, Florence A. Barton and Anna L. Barton, from a judgment of the Supreme Court in favor of the plaintiff, entered, after a trial at the Onondaga Special Term, in the office of the clerk of the county of Onondaga on the 6th day of March, 1893, directing a foreclosure and sale of the premises described in the complaint.

The action was brought for the foreclosure of a mortgage dated October 20, 1890, given by the defendants to the plaintiff to secure the payment of the sum of $4,250, payable, $1,000 one year from the date thereof, and $1,000 each and every year thereafter, until the principal was fully paid, with interest from January 1, 1891, payable

annually on all sums remaining unpaid. It also contained a provision that if any payment remained in arrear for ninety days, the whole principal sum should become due at the option of the mortgagee. There was a bond accompanying the mortgage. The judgment appealed from is the ordinary judgment of foreclosure and sale.

*Costello & Welch*, for the appellants.

*Knapp, Nottingham & Andrews*, for the respondent.

MERWIN, J.:

On the 14th of October, 1890, the plaintiff was the owner of the premises described in the complaint, upon which there was a mortgage to the Syracuse Savings Bank for $4,750. At that date, she and the defendants entered into a written agreement by which the plaintiff agreed to sell and convey the said premises to the defendants for the price of $10,000. For payment of this sum, the defendants were to assume the mortgage of $4,750, pay the sum of $1,000 on the delivery of a good and sufficient warranty deed, accompanied by an abstract of title showing the premises free and clear of all incumbrances except the bank mortgage, and for the balance of $4,250, give their bond and mortgage on the premises, payable as follows: $1,000 in one year from the date of the deed, with interest on the whole principal from January 1, 1891, and the balance of the principal in like payments annually thereafter, with interest on all unpaid sums. By the said agreement the plaintiff also agreed "that the building now erected on said premises shall be completed on or before January 1, 1891, or at least the interior of said building shall be suitable for occupancy by said second parties at that time," and the manner in which the building should be completed was particularly specified, and it was to be done by the plaintiff at her own expense, and as a part of the price named. The contract also provided that in case either party failed to perform any of the covenants therein contained on their part to be performed, "the party or parties so failing, shall pay on demand to the other party or parties the sum of five hundred dollars ($500), which is hereby fixed and agreed upon as the ascertained and liquidated damage for such failure, being in lieu of performing their part, and shall in no event be considered a penalty."

In accordance with, and pursuant to said contract, the deed of said premises was duly delivered by plaintiff to the defendants on October 20, 1890, and concurrent therewith they paid to the plaintiff the sum of $1,000, and executed and delivered the bond and mortgage described in the complaint.

On December 15, 1891, the savings bank commenced in this court an action to foreclose its mortgage, in which action the plaintiff and the defendants were made parties defendant. The complaint in that case, after setting out the bond and mortgage, the conveyance by Mrs. Revoir to the Bartons, and the assumption by them of the bank mortgage and the default in payment, alleged, upon information and belief, that Mrs. Revoir was the owner and holder of a mortgage, then describing the one involved in the present action, and that such mortgage was a subsequent lien to the bank mortgage. The ordinary judgment in foreclosure was demanded. In that action Mrs. Revoir appeared on the 22d of December, 1891, but never answered. On the 25th of March, 1892, the defendants Barton put in separate answers, setting forth that the mortgage of Mrs. Revoir was not a valid mortgage, but was void by reason of said Revoir not completing the house according to the contract. They also set up what purported to be a defense to the bank action, and demanded judgment that the complaint be dismissed and the mortgage of Mrs. Revoir be canceled of record. These answers were served on the attorneys for the plaintiff in that action and on Mrs. Revoir and her attorney in due time. At the time of the service of these answers, the time of Mrs. Revoir to answer in the action had expired and she was in default. The present action was commenced on August 11, 1893, and the bank action was then pending and was also at the time defendants answered in the present case.

It is claimed by the appellants that the pendency of the bank action is a bar to the present action. We think not. The bank had no interest in the question whether the mortgage to Mrs. Revoir was valid. That issue was foreign to the foreclosure and did not at all affect the claim of the bank. The complaint only alleged in regard to it what appeared from the record and no relief as to it was asked. As said by Judge MONELL in the case of *Fink* v. *Allen* (36 N. Y. Super. Ct. [4 J. & S.] 350, 359), which was a

case somewhat similar to this : " A defendant cannot be compelled to litigate under such circumstances ; and if he refuses to do so, he will not be estopped or debarred of his cause of action or defense." In *Kay* v. *Whittaker* (44 N. Y. 565), it was held that, under the provisions of section 274 of the Code of Procedure, which, in this respect, does not materially vary from the provisions of the present Code, " the relief which defendants may have, as against each other, must be based upon the facts involved in the litigation of the plaintiff's claim, and as a part of the adjustment of that claim, and not upon claims with which the plaintiff has nothing to do, and which are properly the subject of an independent litigation between such defendants." A similar view was taken in *Lansing* v. *Hadsall* (26 Hun, 619), and by this court in *Mutual Life Ins. Co.* v. *Cranwell & Others* (10 N. Y. Supp. 404).

A further question is raised by appellants as to the effect of non-performance by plaintiff of the agreement to finish the house.

It appears from the contract between the parties that at the time the contract was made the building had been erected but not completed, and the plaintiff, as a part of the consideration of the sale, agreed to complete it in a specified manner. The time for final completion is by the contract somewhat indefinite. At the trial the defendants as matter of defense offered to show that the house was not completed according to the specifications in the contract. This was held not to be admissible, as no defense by way of offset or counterclaim was alleged. The claim of the appellants is that the right of plaintiff to enforce her bond and mortgage is dependent upon her performance of her agreement to complete the house, and that, therefore, if she failed in that regard, such failure is a bar to her action to foreclose.

In the answer under which this evidence was offered it was in substance alleged that the plaintiff had failed to perform her agreement as to the completion of the house, and that, therefore, the bond and mortgage were null and void. The damages to defendants by reason of such failure were not claimed or alleged. The only judgment asked for was a dismissal of the complaint.

Is the position of defendants correct that the right of plaintiff to enforce her bond and mortgage is dependent upon her performance of her agreement to complete the house ? No such condition appears

in the bond and mortgage or in the contract. There seems to have been an absolute delivery of the deed and the bond and mortgage on the 20th of October, 1890. There was an unconditional accept-ance on both sides, and the defendants paid the $1,000, thereby with the bond and mortgage fully performing on their part. The defendants are hardly in a position to say that an act to be done after that is a condition precedent to the thing already performed. (*Merchant* v. *Rawson*, Clarke's Ch. 129; *De Kay* v. *Bliss*, 120 N. Y. 91.) The defendants still retain the title and do not offer to restore that to the plaintiff. They have no right to rescind the bond and mortgage because of the failure of plaintiff to fully perform her covenant to complete the house. As said in the *De Kay* case, the partial failure of consideration, resulting from the breach, furnished no ground to disaffirm the executed provisions of the contract; the defendant's remedy was to recover damages for the non-performance. The *De Kay* case substantially disposes of the question adversely to defendants. The cases cited by appellants, as to the right of a party to recover a balance upon a building contract, do not, I think, apply here.

It follows that the court did not err in rejecting the offered evi-dence. There are no other questions that need be particularly con-sidered. No error is apparent that calls for a reversal.

HARDIN, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.